NOT ORIGINAL
DOCUMENT
11/27/2023 11:36:16
AM
88890-57

COMMONWEALTH OF KENTUCKY
CAMPBELL COUNTY CIRCUIT COURT
CIVIL CASE NO. 23-CI-_____

BONNIE SCHUTTE                                          PLAINTIFF
900 Oakwood Drive Apt. 1
Fort Thomas, KY 41075

v.

KROGER MARKETPLACE
130 Pavillion Parkway
Newport KY 41071

And

THE KROGER CO.
1014 Vine Street
Cincinnati, OH 45202

      Please serve registered agent:
      Corporate Service Company
      421 West Main Street
      Frankfort, KY 40601
And

KROGER LIMITED PARTNERSHIP I

      Please serve registered agent:
      Corporate Service Company
      421 West Main Street
      Frankfort, KY 40601

And

XYZ COMPANY
Defendant who is unknown to
Plaintiff at this time.

And

CITY OF NEWPORT
998 Monmouth Street
Newport, KY 41071

      Please serve City Manager:
      Thomas Fromme
      998 Monmouth Street
      Newport, KY 41071

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

COM : 000001 of 000007

EXHIBIT 1

NOT ORIGINAL

11/27/2023 11:36:16

DOCUMENT

AM                                                          DEFENDANTS

88890-57

## COMPLAINT WITH JURY DEMAND

Plaintiff Bonnie Schutte, by and through counsel, and for her Complaint against the above-named Defendants, states as follows:

### PARTIES

1.      Plaintiff Bonnie Schutte is a resident of Kentucky.

2.      At all relevant times, Defendant Kroger Marketplace and/or The Kroger Co. and/or Kroger Food Stores were business entities that owned and/or operated and/or maintained a Kroger Marketplace store located at 130 Pavillion Parkway, Newport, Kentucky 41071.

3.      Defendant XYZ Company was a person and/or business entity whose name Plaintiff does not know and has been unable to presently ascertain, but is a person and/or entity who installed, maintained and/or controlled the automatic doors used at the Kroger Marketplace store located at 130 Pavillion Parkway, Newport, Kentucky 41070.

4.      Defendant City of Newport owns the property/store located at 130 Paviliion Parkway, Newport, Kentucky 41071.

### COUNT I

5.      Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

6.      At all relevant times, Defendants Kroger Marketplace and/or The Kroger Co. and/or Kroger Limited Partnership I (hereinafter collectively referred to as "Kroger Defendants") owned and/or operated and/or maintained a Kroger Marketplace at the address indicated herein.  The maintenance, inspection and safety of the real property is necessarily incident to the operation of their business.

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

COM : 000002 of 000007

**EXHIBIT 1**

NOT ORIGINAL
DOCUMENT
11/27/2023 11:36:16
AM
88890-57

7.      The Kroger Defendants' store was open to the public and the means of accessing the store was by a front door leading from the parking lot area.

8.      The Kroger Defendants installed and/or elected to install a door that would open and close automatically when business invitees would approach and/or exit the building.

9.      On June 28, 2022, Plaintiff Bonnie Schutte was at the Kroger Defendants' property shopping for groceries. The Plaintiff was exiting the building when the automatic doors shut on her.

10.     The Plaintiff was crushed in between the closing automatic doors.

11.     At all times relevant, the Kroger Defendants knew or should have known of the hazardous condition on their property.

12.     The Kroger Defendants failed to make safe or warn the Plaintiff of the dangerous condition in their property.

13.     The Plaintiff being crushed between the doors was a direct and proximate result of the hazardous condition outlined herein.

14.     The Kroger Defendants were negligent in allowing the hazardous condition to exist at the entryway of the building on their property.

15.     The Kroger Defendants were negligent in not properly maintaining and/or inspecting and/or servicing the entryways of their store.

16.     As a direct and proximate result of the Kroger Defendants' negligence, Plaintiff suffered severe bodily injuries which he reasonably believes to be permanent.

17.     As a direct and proximate result of the Kroger Defendants' negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

COM : 000003 of 000007

EXHIBIT 1

NOT ORIGINAL
11/27/2023 11:36:16
88890-57

DOCUMENT

AM

18.     As a direct and proximate result of Kroger Defendants' negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

19.     As a direct and proximate result of Kroger Defendants' negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

## **COUNT II**

20.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

21.     At all times relevant, the Kroger Defendants contracted with Defendant XYZ Company, whose name is not known to the Plaintiff, to install, maintain and service the automatic doors at the property that is the subject of this action.

22.     Defendant XYZ had a duty to install, maintain and property service the doors at issue so they would function in a reasonable and safe manner.

23.     Defendant XYZ was negligent in that they failed to ensure that the doors they installed, maintained and serviced were safe for the business patrons utilizing the doors to gain access to the store that is the subject of this action.

24.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

25.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

EXHIBIT 1

NOT ORIGINAL
DOCUMENT
AM
11/27/2023 11:36:16
88890-57

26.	As a direct and proximate result of Defendant XYZ's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

27.	As a direct and proximate result of Defendants XYZ's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

**COUNT III**

28.	Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

29.	At all relevant times, Defendant City of Newport owned the property known as or utilized as the Kroger Marketplace at the address indicated herein.  The maintenance, inspection and safety of the real property is necessarily incident to the ownership of the property.

30.	The Defendant City of Newport opened their property to the public and the means of accessing the property was by a front door leading from the parking lot area.

31.	The Defendant City of Newport installed and/or elected to install a door that would open and close automatically when business invitees would approach and/or exit the building.

32.	On June 28, 2022, Plaintiff Bonnie Schutte was at the Defendant City of Newport's property shopping for groceries.  The Plaintiff was exiting the building when the automatic doors shut on her.

33.	The Plaintiff was crushed in between the closing automatic doors.

34.	At all times relevant, the Defendant City of Newport knew or should have known of the hazardous condition on their property.

NOT ORIGINAL
DOCUMENT
11/27/2023 11:36:16
AM
88890-57

35.     The Defendant City of Newport failed to make safe or warn the Plaintiff of the dangerous condition on their property.

36.     The Plaintiff being crushed between the doors was a direct and proximate result of the hazardous condition outlined herein.

37.     The Defendant City of Newport was negligent in allowing the hazardous condition to exist at the entryway of the building on their property.

38.     The Defendant City of Newport was negligent in not properly maintaining and/or inspecting and/or servicing the entryways of their property.

39.     As a direct and proximate result of the Defendant City of Newport's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

40.     As a direct and proximate result of the Defendant City of Newport's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

41.     As a direct and proximate result of the Defendant City of Newport's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

42.     As a direct and proximate result of Defendant City of Newport's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

**EXHIBIT 1**

NOT ORIGINAL
DOCUMENT
11/27/2023 11:36:16
AM
88890-57

**WHEREFORE,** Plaintiff demands judgment in her favor against the Defendants in an amount in excess of any minimum dollar amount necessary to establish the jurisdiction of this Court that will adequately compensate her for the injuries, damages and costs incurred herein including attorney's fees, punitive damages and any such other further relief as this Court deems just and proper.

Respectfully submitted,

***SCOTT BEST LAW, PLLC***

/s/ Scott A. Best
Scott A. Best (88844)
73 Cavalier Blvd., Suite 316
Florence, KY 41042
Telephone: 859-970-2378
Facsimile: 859-818-0574
scott@best-law.org
*Counsel for Plaintiff*

### JURY DEMAND

Plaintiff hereby demands a trial by jury in this action.

/s/ Scott A. Best
SCOTT A. BEST (88844)

### CERTIFICATE OF JURISDICTION

Plaintiff, by and through counsel, hereby certifies her good faith belief that the value of the claims herein exceeds the minimum amount required for this Court to assert jurisdiction in this matter.

/s/ Scott A. Best
SCOTT A. BEST (88844)

EXHIBIT 1

DOCUMENT
AM

| AOC-E-105    Sum Code: CI | | Case #: **23-CI-00463** ORIGINAL |
| Rev. 9-14 |  | 11/27/2023 11:37:47 |
| Commonwealth of Kentucky | | Court: **CIRCUIT** |
| Court of Justice    *Courts.ky.gov* | | County: **CAMPBELL** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | 88890-57 |

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:  **KROGER MARKETPLACE**

**130 PAVILLION PARKWAY**

**NEWPORT, KY 41071**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **5/26/2023**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____     _____
                                                                        Served By

                                                                        _____
                                                                        Title

Summons ID: @00000218674
CIRCUIT: 23-CI-00463 Certified Mail
SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL



Page 1 of 1

**EXHIBIT 1**

*Presiding Judge: HON. JULIE REINHARDT WARD (617222)*

*CI : 000001 of 000001*

*eFiled*



DOCUMENT
AM

Case #: **23-CI-00463** ~~ORIGINAL~~
Court:   **CIRCUIT**
County:  **CAMPBELL**

11/27/2023 11:38:34

88890-57

# CIVIL SUMMONS

*Plaintiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:  **THE KROGER COMPANY**

**1014 VINE STREET**

**CINCINNATI, OH 45202**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **5/26/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____ , 20 _____        _____

                                            Served By

                                            _____

                                            Title



eFiled

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

CI : 000001 of 000001

# EXHIBIT 1

Commonwealth of Kentucky
Court of Justice   *Courts.ky.gov*

CR 4.02; Cr Official Form 1



### CIVIL SUMMONS

Case #: **23-CI-00463** ORIGINAL
Court: **CIRCUIT**
County: **CAMPBELL**

11/27/2023 11:39:17

88890-57

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:  **KROGER LIMITED PARTNERSHIP I**

     **421 WEST MAIN STREET**

     **FRANKFORT, KY 40601**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **5/26/2023**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____ , 20 _____

                               _____
                                          Served By

                               _____
                                           Title

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

CI : 000001 of 000001



*eFiled*

### EXHIBIT 1



**CIVIL SUMMONS**

Case #: **23-CI-00463** ~~ORIGINAL~~
Court: **CIRCUIT**
County: **CAMPBELL**

~~11/27/2023 11:39:31~~

~~88890-57~~

*Plaintiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:  **XYZ COMPANY**
    **130 PAVILLION PARKWAY**
    **NEWPORT, KY 41071**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **5/26/2023**

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____

                          _____
                              Served By

                          _____
                                 Title

CI : 000001 of 000001



Page 1 of 1

*e*Filed

**EXHIBIT 1**

DOCUMENT

AM

AOC-E-105          Sum Code: CI
Rev. 9-14



Commonwealth of Kentucky
Court of Justice      Courts.ky.gov
CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #: **23-CI-00463** ORIGINAL
Court:   **CIRCUIT**
County:  **CAMPBELL**

11/27/2023 11:42:02

88890-57

*Plaintiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL***, Defendant*

TO:  **CITY OF NEWPORT**

    **998 MONMOUTH STREET**

    **NEWPORT, KY 41071**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **5/26/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____          _____

                                                 Served By

                                                 Title

Summons ID: @00000218678
CIRCUIT: 23-CI-00463 Certified Mail
SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

CI : 000001 of 000001



**eFiled**

**EXHIBIT 1**

DOCUMENT
AM

| AOC-E-105 | Sum Code: CI | | Case #: | **23-CI-00463** ~~ORIGINAL~~ |
| Rev. 9-14 | |  | Court: | **CIRCUIT** |
| Commonwealth of Kentucky | | | County: | **CAMPBELL** |
| Court of Justice | *Courts.ky.gov* | | | |
| CR 4.02; Cr Official Form 1 | | | | |

11/27/2023 11:43:37

88890-57

## CIVIL SUMMONS

*Plaintiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO: **CORPORATE SERVICE COMPANY**

    **421 WEST MAIN STREET**

    **FRANKFORT, KY 40601**

Memo: Related party is THE KROGER COMPANY

The Commonwealth of Kentucky to Defendant:
**THE KROGER COMPANY**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **5/26/2023**

<div style="margin-right:0">Presiding Judge: HON. JULIE REINHARDT WARD (617222)</div>

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____, 20_____      _____

                                      Served By

                          _____

                                      Title

<div style="margin-right:0">CI : 000001 of 000001</div>


*e*Filed

## EXHIBIT 1



**CIVIL SUMMONS**

Case #: **23-CI-00463** ~~ORIGINAL~~
Court:   **CIRCUIT**   11/27/2023 11:44:38
County: **CAMPBELL**

88890-57

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:   **CORPORATE SERVICE COMPANY**

     **421 WEST MAIN STREET**

     **FRANKFORT, KY 40601**

Memo: Related party is KROGER LIMITED PARTNERSHIP I

The Commonwealth of Kentucky to Defendant:
**KROGER LIMITED PARTNERSHIP I**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **5/26/2023**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

     To: _____

☐ Not Served because: _____

     Date: _____, 20 _____      _____

                                         Served By

                                         _____

                                         Title



*Presiding Judge: HON. JULIE REINHARDT WARD (617222)*

*CI : 000001 of 000001*

*e*Filed

**EXHIBIT 1**



Case #: **23-CI-00463** ~~ORIGINAL~~

Court: **CIRCUIT**

County: **CAMPBELL**

11/27/2023 11:46:21

88890-57

### CIVIL SUMMONS

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:   **THOMAS  FROMME**

    **998 MONMOUTH STREET**

    **NEWPORT, KY 41071**

Memo: Related party is CITY OF NEWPORT

The Commonwealth of Kentucky to Defendant:
**CITY OF NEWPORT**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **5/26/2023**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____      _____

                                             Served By

                                             _____

                                             Title



_eFiled_

DOCUMENT
AM

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

CI : 000001 of 000001

**EXHIBIT 1**

NOT ORIGINAL

11/27/2023 11:47:55

88890-57

DOCUMENT

AM

COMMONWEALTH OF KENTUCKY
CAMPBELL COUNTY CIRCUIT COURT
CIVIL CASE NO. 23-CI-_____

BONNIE SCHUTTE                                    PLAINTIFF

v.

KROGER MARKETPLACE, ET. AL.

                                                 DEFENDANTS

---

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS

---

The Plaintiff, by and through counsel, and pursuant to Rules 26, 33, and 34 of the Kentucky Rules of Civil Procedure, hereby submit the following Interrogatories and Requests for the Production of Documents to the Defendant, Kroger Marketplace. Each Interrogatory and Request must be answered separately and under oath, and Plaintiff's responses must be served within 30 days of the date of service of these Requests.

### DEFINITIONS

1.      "You" or "Your" refers to Plaintiff, Hunter Fluhr.

2.      "Document" shall be construed in its broadest sense and encompasses all notes, memoranda, calendars, graphics and writings, regardless of how generated or produced. "Document" also includes all photocopies, drafts or originals which either (a) are in the possession, custody or control of Plaintiff or any of its agents regardless of where located or (b) Plaintiff knows exist, but which are not now in Plaintiff's possession. In the event that a document has been lost or destroyed, identify the last person known to be in possession of the document and describe its contents.

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

IRPD : 000001 of 000008

**EXHIBIT 1**

NOT ORIGINAL
DOCUMENT
11/27/2023 11:47:55
AM
88890-57

3.      Where the response to an Interrogatory requires "date", the exact day, month and year shall be provided; if such information is not reasonably ascertainable, then provide the best estimate.

4.      Where the Interrogatory requires you to "identify" a person or business entity, the answer shall contain his, her or its full legal name, present or last known address, present or last known home and business telephone numbers, and any additional information specifically sought by the particular Interrogatory.

5.      These Interrogatories and Requests are continuing in nature so as to require supplemental responses in the event that Plaintiff later obtains any additional information responsive to any of these Interrogatories or Requests, and (a) such information has not been previously disclosed by Plaintiff to Defendant, or (b) the additional information makes a previous disclosure more accurate.

**<u>INTERROGATORIES</u>**

1.      Please identify all persons who assisted in answering these Interrogatories and Requests for Production of Documents.

**<u>ANSWER</u>**:

2.      Please identify your role and/or position with the Defendant and how long you have held that position/role.

**<u>ANSWER</u>**:

3.      Please identify each and every expert whom you expect to call at the trial of this matter. As to each expert, state the subject matter upon which the expert is to testify, the substance

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

IRPD : 000002 of 000008

DOCUMENT

AM

NOT ORIGINAL

11/27/2023 11:47:55

88890-57

of the facts and opinions to which he or she is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**


4.      Please identify each and every person whom you believe has information relevant to the incident that is the subject of this legal action.

**ANSWER:**


5.      Please indicate how and when you were advised of the incident that is the subject of this legal action.

**ANSWER:**


6.      Please indicate who was responsible for inspecting, maintaining and servicing the automatic entry doors for the premises on or about June 28, 2022 and for five years previous. Please provide contact information for any person and/or company that is responsive to this Interrogatory.

**ANSWER:**


7.      Please indicate whether or not there had been any issues with the automatic entry doors where the Plaintiff was struck/injured.

**ANSWER:**

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

IRPD : 000003 of 000008

**EXHIBIT 1**

NOT ORIGINAL

DOCUMENT

11/27/2023 11:47:55

AM

88890-57

8.      Please describe in detail the inspection, maintenance and/or cleaning, of the automatic doors on the premises for a six-month period prior to June 28, 2022.

**ANSWER:**

9.      Please describe the steps the Defendant undertook to ensure that the entryway was safe for patrons on June 28, 2022.

**ANSWER:**

10.     Please indicate who was responsible for the overseeing the individual, company and/or agent who performed any work mentioned in Interrogatory #8.

**ANSWER:**

11.     Please describe what the person and/or entity did/does to ensure that the doors were safe to use at all times relevant to this complaint.

**ANSWER:**

12.     Please identify the company and/or person who installed the doors that are the subject of this complaint.

**ANSWER:**

EXHIBIT 1

NOT ORIGINAL
DOCUMENT
11/27/2023 11:47:55
AM
88890-57

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce any and all photographs and/or video of the doors where the Plaintiff was struck during the event that is the subject of this action and any/all photographs of the scene where the Plaintiff was injured.

**RESPONSE:**


2.      Please produce all documents which support your defenses set forth in your Answer to the Plaintiff's Complaint.

**RESPONSE:**


3.      Please produce any and all reports, letters or memoranda prepared by experts you identified in response to the above Interrogatories.

**RESPONSE:**


4.      Please produce a current curriculum vitae for all experts you identified in response to the above Interrogatories.

**RESPONSE:**


5.      Please produce any and all reports, letters, memoranda, notes, files or other documents, manuals, service receipts, repair orders, maintenance agreements for the doors that are the subject of this action.

**RESPONSE:**

6.      Please produce any and all documents you plan to use as exhibits at the trial of this matter.

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

IRPD : 000005 of 000008

NOT ORIGINAL
DOCUMENT
11/27/2023 11:47:55
AM
88890-57

**RESPONSE**:

7.       Please produce any and all reports, photographs, diagrams, sketches, maps, videos or other documents in your possession, custody, or control, which depict, describe, or purport to depict or describe the scene of the incident.

**RESPONSE**:

8**.**      Please produce any and all reports, letters, memoranda, estimates, notes, files or other documents in your possession, custody or control, which were prepared by any person who investigated the scene of the incident that is the subject of this action.

**RESPONSE**:

**9.**      Please produce any and all contracts for maintenance, inspection, installation or work performed on the doors at issue for all times relevant and one year prior to the incident that is the subject of this action.

**RESPONSE**:

Respectfully submitted,

/s/ Scott A. Best
Scott A. Best
Scott Best Law
75 Cavalier Blvd. Suite 212
Florence, Kentucky 41042
sbest@scottbestlaw.com
PH: (859) 970-2378 / FAX: (859) 818-0574
*Counsel for Plaintiff*

**EXHIBIT 1**

NOT ORIGINAL
DOCUMENT
11/27/2023 11:47:55
AM
88890-57

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served via U.S. Certified Mail with the Complaint, postage pre-paid on May 26, 2023:

KROGER MARKETPLACE
130 Pavillion Parkway
Newport KY 41071

KROGER LIMITED PARTNERSHIP I
    Corporate Service Company
    421 West Main Street
    Frankfort, KY 40601

THE KROGER CO
    Corporate Service Company
    421 West Main Street
    Frankfort, KY 40601

/s/ Scott A. Best
*Counsel for Plaintiff*

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

IRPD : 000007 of 000008

DOCUMENT

AM

NOT ORIGINAL

11/27/2023 11:47:55

88890-57

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

IRPD : 000008 of 000008

EXHIBIT 1



**Commonwealth of Kentucky**
**Taunya Nolan Jack, Campbell Circuit Clerk**

NOT ORIGINAL
11/27/2023 11:48:46
DOCUMENT
AM

| | |
|---|---|
| **Case #:** 23-CI-00463 | **Envelope #:** 6055982 |
| **Received From:** SCOTT BEST | **Account Of:** SCOTT BEST |
| **Case Title:** SCHUTTE, BONNIE VS. KROGER MARKETPLA ET AL | **Confirmation Number:** 162789537 |
| **Filed On** 5/26/2023 12:52:03PM | |

88890-57

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Postage) | $129.04 |
| 5 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 6 | Library Fee | $3.00 |
| 7 | Civil Filing Fee | $150.00 |
| 8 | Charges For Services(Copy - Photocopy) | $13.60 |
| 9 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $435.64 |

EXHIBIT 1

**UNITED STATES POSTAL SERVICE**®

NOT ORIGINAL
DOCUMENT
11/27/2023 11:49:36
AM
88890-57

Date Produced: 06/02/2023

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8316 8531 45. Our records indicate that this item was delivered on 06/01/2023 at 08:27 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :

Michelle Sevier-Morris

Address of Recipient :

421 N Main St Frankfort, KY 40601

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        C4224222.25222695

AOS : 000001 of 000001

2

EXHIBIT 1

**UNITED STATES POSTAL SERVICE**₀

NOT ORIGINAL
DOCUMENT
11/27/2023 11:50:14
AM
88890-57

Date Produced: 06/02/2023

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8316 8531 07. Our records indicate that this item was delivered on 06/01/2023 at 10:43 a.m. in NEWPORT, KY 41071. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:     C4224222.25222689

EXHIBIT 1

**UNITED STATES POSTAL SERVICE**®

NOT ORIGINAL
DOCUMENT
11/27/2023 11:51:27
AM
88890-57

Date Produced: 06/02/2023

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8316 8532 06. Our records indicate that this item was delivered on 06/01/2023 at 08:27 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :

*M. S. M.*
*Michelle Severe-Morris*

Address of Recipient :

*421 N Main St Frankfort, KY 40601*

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: C4224222.25222691

2

EXHIBIT 1

**UNITED STATES**
**POSTAL SERVICE**®

NOT ORIGINAL
DOCUMENT
11/27/2023 11:52:46
AM
88890-57

Date Produced: 06/02/2023

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8316 8531 90. Our records indicate that this item was delivered on 06/01/2023 at 08:27 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        C4224222.25222692

EXHIBIT 1

**UNITED STATES POSTAL SERVICE**®

DOCUMENT

AM

NOT ORIGINAL

11/27/2023 11:53:23

88890-57

Date Produced: 06/02/2023

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8316 8531 69. Our records indicate that this item was delivered on 06/01/2023 at 10:43 a.m. in NEWPORT, KY 41071. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

AOS : 000001 of 000001

Customer Reference Number:        C4224222.25222694

EXHIBIT 1

**CIVIL SUMMONS**

Case #: **23-CI-00463** ~~ORIGINAL~~
Court:   **CIRCUIT**      ~~11/27/2023 11:58:42~~
County: **CAMPBELL**

~~88890-57~~

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:  **KROGER MARKETPLACE**

   **130 PAVILLION PARKWAY**

   **NEWPORT, KY 410710000**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____     _____
                                        Served By

                                        _____
                                        Title

CI : 000001 of 000001



Page 1 of 1

*e*Filed

**EXHIBIT 1**

DOCUMENT

PM

| AOC-E-105      Sum Code: CI |  | Case #: **23-CI-00463** ~~ORIGINAL~~ |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** ~~11/27/2023 12:00:13~~ |
| Commonwealth of Kentucky | | County: **CAMPBELL** |
| Court of Justice    *Courts.ky.gov* | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | 88890-57 |

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:   **THE KROGER COMPANY**

     **1014 VINE STREET**

     **CINCINNATI, OH 452020000**

Memo: Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____, 20 _____      _____

                                               Served By

                                              _____

                                              Title

Summons ID: @00000219187
CIRCUIT: 23-CI-00463 Certified Mail
SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL



Page 1 of 1

*e*Filed

EXHIBIT 1

DOCUMENT

PM

| AOC-E-105 | Sum Code: CI | | Case #: | **23-CI-00463** ORIGINAL |
| Rev. 9-14 | | | Court: | **CIRCUIT** 11/27/2023 12:01:05 |
| Commonwealth of Kentucky | | | County: | **CAMPBELL** |
| Court of Justice | *Courts.ky.gov* | | | |
| CR 4.02; Cr Official Form 1 | | | | 88890-57 |



## CIVIL SUMMONS

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:   **KROGER LIMITED PARTNERSHIP I**

**421 WEST MAIN STREET**

**FRANKFORT, KY 406010000**

Memo: Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____      _____

Served By

_____

Title

Summons ID: @00000219188
CIRCUIT: 23-CI-00463 Certified Mail
SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL



Page 1 of 1

**EXHIBIT 1**

*eFiled*

CI : 000001 of 000001

DOCUMENT

PM

| AOC-E-105 Sum Code: CI<br>Rev. 9-14 |  | Case #: **23-CI-00463** ORIGINAL |
|---|---|---|
| Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov* | **CIVIL SUMMONS** | Court: **CIRCUIT**   11/27/2023 12:05:41<br>County: **CAMPBELL** |
| CR 4.02; Cr Official Form 1 | | 88890-57 |

*Plaintiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:  **XYZ COMPANY**

    **130 PAVILLION PARKWAY**

    **NEWPORT, KY 410710000**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____     _____

                                                    Served By

                                                    Title

Summons ID: @00000219189
CIRCUIT: 23-CI-00463 Certified Mail
SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL

CI : 000001 of 000001



Page 1 of 1

**EXHIBIT 1**

*e*Filed

**CIVIL SUMMONS**

Case #: **23-CI-00463** ~~ORIGINAL~~
Court: **CIRCUIT**
County: **CAMPBELL**

11/27/2023 12:07:53 PM

88890-57

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO: **CITY OF NEWPORT**

     **998 MONMOUTH STREET**

     **NEWPORT, KY 410710000**

Memo: Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

     You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

     To: _____

☐ Not Served because: _____

     Date: _____ , 20 _____      _____

                                     Served By

                                     _____

                                     Title

CI : 000001 of 000001



*e*Filed

**EXHIBIT 1**

Case #: **23-CI-00463** ORIGINAL
Court: **CIRCUIT**
County: **CAMPBELL**

11/27/2023 12:09:05 PM

88890-57

## CIVIL SUMMONS

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:  **CORPORATE SERVICE COMPANY**

     **421 WEST MAIN STREET**

     **FRANKFORT, KY 406010000**

Memo: Related party is THE KROGER COMPANY

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20_____    _____

                                             Served By

                                             _____

                                             Title

CI : 000001 of 000001



*e*Filed

## EXHIBIT 1

DOCUMENT

PM

| AOC-E-105    Sum Code: CI | | Case #: **23-CI-00463** ~~ORIGINAL~~ |
| Rev. 9-14 |  | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | ~~11/27/2023 12:10:00~~ |
| Court of Justice    *Courts.ky.gov* | **CIVIL SUMMONS** | County: **CAMPBELL** |
| CR 4.02; Cr Official Form 1 | | 88890-57 |

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:   **CORPORATE SERVICE COMPANY**

   **421 WEST MAIN STREET**

   **FRANKFORT, KY 406010000**

Memo: Related party is KROGER LIMITED PARTNERSHIP I

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____        _____
                                             Served By

                                             _____
                                             Title

Summons ID: @00000219192
CIRCUIT: 23-CI-00463 Certified Mail
SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL



Page 1 of 1

*e*Filed

**EXHIBIT 1**



**CIVIL SUMMONS**

Case #: **23-CI-00463** ORIGINAL
Court: **CIRCUIT**
County: **CAMPBELL**

11/27/2023 12:11:09 PM

88890-57

DOCUMENT

---

*Plaintiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:  **FROMME, THOMAS**

   **998 MONMOUTH STREET**

   **NEWPORT, KY 410710000**

Memo: Related party is CITY OF NEWPORT Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____     _____
                                                  Served By

                                           _____
                                                  Title


eFiled

CI : 000001 of 000001

**EXHIBIT 1**



**CIVIL SUMMONS**

Case #: **23-CI-00463** ORIGINAL
Court:  **CIRCUIT**
County: **CAMPBELL**
11/27/2023 12:12:11 PM

88890-57

DOCUMENT

*Plaintiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:  **IRC NEWPORT PAVILLION, LLC**

    **814 COMMERCE DRIVE, SUITE 300**

    **OAK BROOK, IL 60523**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____

                          _____

                                 Served By

                          _____

                                     Title

CI : 000001 of 000001


*e*Filed

**EXHIBIT 1**



**CIVIL SUMMONS**

Case #: **23-CI-00463** ~~ORIGINAL~~
Court: **CIRCUIT** ~~11/27/2023 12:12:56~~
County: **CAMPBELL**

~~88890-57~~

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:   **CT CORPORATION SYSTEM**

     **306 W. MAIN STREET**

     **SUITE 512**

     **FRANKFORT, KY 40601**

Memo: Related party is IRC NEWPORT PAVILLION, LLC

The Commonwealth of Kentucky to Defendant:
**IRC NEWPORT PAVILLION, LLC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____     _____

                                            Served By

                                             _____

                                             Title

CI : 000001 of 000001


**EXHIBIT 1**



**CIVIL SUMMONS**

Case #: **23-CI-00463** ORIGINAL
Court: **CIRCUIT**
County: **CAMPBELL**

11/27/2023 12:13:53 PM

88890-57

DOCUMENT

*Plaintiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:  **IRC NEWPORT PAVILLION BONDHOLDER, LLC**

   **814 COMMERCE DRIVE, SUITE 300**

   **OAK BROOK, IL 60523**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____      _____

                                                  Served By

                                         _____

                                                  Title

Summons ID: @00000219181
CIRCUIT: 23-CI-00463 Certified Mail
SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL



Page 1 of 1

**EXHIBIT 1**

*e*Filed

CI : 000001 of 000001

**CIVIL SUMMONS**

Case #: **23-CI-00463** ORIGINAL
Court: **CIRCUIT**
County: **CAMPBELL**

DOCUMENT

PM

11/27/2023 12:15:35

88890-57

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO: **CT CORPORATION SYSTEM**
 **306 W. MAIN STREET**
 **SUITE 512**
 **FRANKFORT, KY 40601**

Memo: Related party is IRC NEWPORT PAVILLION BONDHOLDER, LLC

The Commonwealth of Kentucky to Defendant:
**IRC NEWPORT PAVILLION BONDHOLDER, LLC**

 You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

 To: _____

☐ Not Served because: _____

 Date: _____, 20_____         _____
                                             Served By
                                          _____
                                                     Title



*e*Filed

**EXHIBIT 1**

**CIVIL SUMMONS**

Case #:  **23-CI-00463** ORIGINAL
Court:   **CIRCUIT**
County:  **CAMPBELL**

11/27/2023 12:17:46 PM

88890-57

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:  **PINE TREE COMMERCIAL REALTY, LLC**

  **40 SKOKIE BLVD.**

  **SUITE 610**

  **NORTHBROOK, IL 60062**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

  Date: _____, 20 _____          _____
                                                      Served By

                                             _____
                                                        Title

CI : 000001 of 000001



Page 1 of 1

eFiled

**EXHIBIT 1**



**CIVIL SUMMONS**

Case #: **23-CI-00463** ~~ORIGINAL~~

Court: **CIRCUIT** 11/27/2023 12:18:37

County: **CAMPBELL**

88890-57

---

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:   **COGENCY GLOBAL INC.**

     **828 LANE ALLEN ROAD**

     **SUITE 219**

     **LEXINGTON, KY 50504**

Memo: Related party is PINE TREE COMMERCIAL REALTY, LLC

The Commonwealth of Kentucky to Defendant:
**PINE TREE COMMERCIAL REALTY, LLC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

                              Served By

                              Title

CI : 000001 of 000001



Page 1 of 1

*e*Filed

**EXHIBIT 1**

DOCUMENT

PM

| AOC-E-105        Sum Code: CI | | Case #: **23-CI-00463** ORIGINAL |
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky |  | 11/27/2023 12:19:32 |
| Court of Justice    *Courts.ky.gov* | | County: **CAMPBELL** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | 88890-57 |

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:  **DANIEL  BRAUN**

    **998 MONMOUTH STREET**

    **NEWPORT, KY 41071**

Memo: Related party is FROMME, THOMAS

The Commonwealth of Kentucky to Defendant:
**FROMME, THOMAS**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolen Jack*

Campbell Circuit Clerk
Date: **6/15/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____        _____

                                            Served By

                                            _____

                                            Title

CI : 000001 of 000001


EXHIBIT 1

DOCUMENT

PM

NOT ORIGINAL

11/27/2023 12:20:31

88890-57

COMMONWEALTH OF KENTUCKY
CAMPBELL COUNTY CIRCUIT COURT
CIVIL CASE NO. 23-CI-00463

BONNIE SCHUTTE
900 Oakwood Drive Apt. 1
Fort Thomas, KY 41075

                                                      PLAINTIFF

v.

KROGER MARKETPLACE
130 Pavillion Parkway
Newport KY 41071

And

THE KROGER CO.
1014 Vine Street
Cincinnati, OH 45202

                    Please serve registered agent:
                    Corporate Service Company
                    421 West Main Street
                    Frankfort, KY 40601

And

KROGER LIMITED PARTNERSHIP I

                    Please serve registered agent:
                    Corporate Service Company
                    421 West Main Street
                    Frankfort, KY 40601

And

XYZ COMPANY
Defendant who is unknown to
Plaintiff at this time.

And

CITY OF NEWPORT
998 Monmouth Street
Newport, KY 41071

                    Please serve City Attorney:
                    Daniel R. Braun
                    998 Monmouth Street

AMC : 000001 of 000012

**EXHIBIT 1**

NOT ORIGINAL

DOCUMENT

11/27/2023 12:20:31

PM

88890-57

And                    Newport, KY 41071

IRC NEWPORT PAVILLION, LLC
814 Commerce Drive
Suite 300
Oak Brook, IL 60523

          Please serve registered agent:
          CT Corporation System
          306 W. Main Street
          Suite 512
          Frankfort, KY 40601

And

IRC NEWPORT PAVILLION BONDHOLDER, LLC
814 Commerce Drive
Suite 300
Oak Brook, IL 60523

          Please serve registered agent:
          CT Corporation System
          306 W. Main Street
          Suite 512
          Frankfort, KY 40601

And

PINE TREE COMMERCIAL REALTY, LLC
40 Skokie Blvd.
Suite 610
Northbrook, IL 60062

          Please serve registered agent:
          Cogency Global Inc.
          828 Lane Allen Road
          Suite 219
          Lexington, KY 40504

                                        DEFENDANTS

---

## AMENDED COMPLAINT WITH JURY DEMAND

---

Plaintiff Bonnie Schutte, by and through counsel, and for her Amended Complaint against the above-named Defendants, states as follows:

AMC : 000002 of 000012

**EXHIBIT 1**

NOT ORIGINAL

11/27/2023 12:20:31

DOCUMENT

PM

88890-57

## **PARTIES**

1.     Plaintiff Bonnie Schutte is a resident of Kentucky.  The incident that is the subject of this action occurred in Campbell County, Kentucky making jurisdiction of this Court proper.

2.     At all relevant times, Defendant Kroger Marketplace and/or The Kroger Co. and/or Kroger Food Stores were business entities that owned and/or operated and/or maintained a Kroger Marketplace store located at 130 Pavillion Parkway, Newport, Kentucky 41071.

3.     Defendant XYZ Company was a person and/or business entity whose name Plaintiff does not know and has been unable to presently ascertain, but is a person and/or entity who installed, maintained and/or controlled the automatic doors used at the Kroger Marketplace store located at 130 Pavillion Parkway, Newport, Kentucky 41070.

4.     Defendant City of Newport owns the property/store located at 130 Pavillion Parkway, Newport, Kentucky 41071.

5.     Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC own and/or operated and/or maintained the property/store located at 130 Pavillion Parkway, Newport, Kentucky 41071.

6.     Defendant Pine Tree Commercial Realty, LLC owns and/or operated and/or maintained and/or manages the property/store located at 130 Pavillion Parkway, Newport Kentucky 41071.

## **COUNT I**

7.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

8.     At all relevant times, Defendants Kroger Marketplace and/or The Kroger Co. and/or Kroger Limited Partnership I (hereinafter collectively referred to as "Kroger Defendants") owned

AMC : 000003 of 000012

EXHIBIT 1

NOT ORIGINAL
DOCUMENT
11/27/2023 12:20:31
PM
88890-57

and/or operated and/or maintained a Kroger Marketplace at the address indicated herein.  The

maintenance, inspection and safety of the real property is necessarily incident to the operation of

their business.

     9.     The Kroger Defendants' store was open to the public and the means of accessing

the store was by a front door leading from the parking lot area.

     10.     The Kroger Defendants installed and/or elected to install a door that would open

and close automatically when business invitees would approach and/or exit the building.

     11.     On June 28, 2022, Plaintiff Bonnie Schutte was at the Kroger Defendants' property

shopping for groceries.  The Plaintiff was exiting the building when the automatic doors shut on

her.

     12.     The Plaintiff was crushed in between the closing automatic doors.

     13.     At all times relevant, the Kroger Defendants knew or should have known of the

hazardous condition on their property.

     14.     The Kroger Defendants failed to make safe or warn the Plaintiff of the dangerous

condition in their property.

     15.     The Plaintiff being crushed between the doors was a direct and proximate result of

the hazardous condition outlined herein.

     16.     The Kroger Defendants were negligent in allowing the hazardous condition to exist

at the entryway of the building on their property.

     17.     The Kroger Defendants were negligent in not properly maintaining and/or

inspecting and/or servicing the entryways of their store.

     18.     As a direct and proximate result of the Kroger Defendants' negligence, Plaintiff

suffered severe bodily injuries which he reasonably believes to be permanent.

AMC : 000004 of 000012

**EXHIBIT 1**

NOT ORIGINAL
11/27/2023 12:20:31
88890-57

DOCUMENT

PM

19.     As a direct and proximate result of the Kroger Defendants' negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

20.     As a direct and proximate result of Kroger Defendants' negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

21.     As a direct and proximate result of Kroger Defendants' negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

## COUNT II

22.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

23.     At all times relevant, the Defendants contracted with Defendant XYZ Company, whose name is not known to the Plaintiff, to install, maintain and service the automatic doors at the property that is the subject of this action.

24.     Defendant XYZ had a duty to install, maintain and property service the doors at issue so they would function in a reasonable and safe manner.

25.     Defendant XYZ was negligent in that they failed to ensure that the doors they installed, maintained and serviced were safe for the business patrons utilizing the doors to gain access to the store that is the subject of this action.

26.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

NOT ORIGINAL

11/27/2023 12:20:31

88890-57

DOCUMENT

PM

27.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

28.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

29.     As a direct and proximate result of Defendants XYZ's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

## COUNT III

30.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

31.     At all relevant times, Defendant City of Newport owned the property known as or utilized as the Kroger Marketplace at the address indicated herein.  The maintenance, inspection and safety of the real property is necessarily incident to the ownership of the property.

32.     The Defendant City of Newport opened their property to the public and the means of accessing the property was by a front door leading from the parking lot area.

33.     The Defendant City of Newport installed and/or elected to install a door that would open and close automatically when business invitees would approach and/or exit the building.

34.     On June 28, 2022, Plaintiff Bonnie Schutte was at the Defendant City of Newport's property shopping for groceries.  The Plaintiff was exiting the building when the automatic doors shut on her.

35.     The Plaintiff was crushed in between the closing automatic doors.

AMC : 000006 of 000012

EXHIBIT 1

NOT ORIGINAL

DOCUMENT

PM

11/27/2023 12:20:31

88890-57

36.    At all times relevant, the Defendant City of Newport knew or should have known of the hazardous condition on their property.

37.    The Defendant City of Newport failed to make safe or warn the Plaintiff of the dangerous condition on their property.

38.    The Plaintiff being crushed between the doors was a direct and proximate result of the hazardous condition outlined herein.

39.    The Defendant City of Newport was negligent in allowing the hazardous condition to exist at the entryway of the building on their property.

40.    The Defendant City of Newport was negligent in not properly maintaining and/or inspecting and/or servicing the entryways of their property.

41.    As a direct and proximate result of the Defendant City of Newport's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

42.    As a direct and proximate result of the Defendant City of Newport's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

43.    As a direct and proximate result of the Defendant City of Newport's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

44.    As a direct and proximate result of Defendant City of Newport's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

AMC : 000007 of 000012

NOT ORIGINAL

DOCUMENT

11/27/2023 12:20:31

PM

88890-57

## COUNT IV

45.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

46.     At all relevant times, Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC owned the property known as or utilized as the Kroger Marketplace at the address indicated herein.  The maintenance, inspection and safety of the real property is necessarily incident to the ownership of the property.

47.     The Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC opened their property to the public and the means of accessing the property was by a front door leading from the parking lot area.

48.     The Defendant IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC installed and/or elected to install a door that would open and close automatically when business invitees would approach and/or exit the building.

49.     On June 28, 2022, Plaintiff Bonnie Schutte was at the Defendant City of Newport's property shopping for groceries.  The Plaintiff was exiting the building when the automatic doors shut on her.

50.     The Plaintiff was crushed in between the closing automatic doors.

51.     At all times relevant, the Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC knew or should have known of the hazardous condition on their property.

52.     The Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC failed to make safe or warn the Plaintiff of the dangerous condition on their property.

AMC : 000008 of 000012

EXHIBIT 1

NOT ORIGINAL

DOCUMENT

11/27/2023 12:20:31

PM

88890-57

53.     The Plaintiff being crushed between the doors was a direct and proximate result of the hazardous condition outlined herein.

54.     The Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC were negligent in allowing the hazardous condition to exist at the entryway of the building on their property.

55.     The Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC were negligent in not properly maintaining and/or inspecting and/or servicing the entryways of their property.

56.     As a direct and proximate result of the Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

57.     As a direct and proximate result of the Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

58.     As a direct and proximate result of the Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

59.     As a direct and proximate result of Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

AMC : 000009 of 000012

**EXHIBIT 1**

NOT ORIGINAL

DOCUMENT

11/27/2023 12:20:31

PM

88890-57

## COUNT V

60.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

61.     At all relevant times, Defendant Pine Tree Commercial Realty, LLC owned and/or managed the property known as or utilized as the Kroger Marketplace at the address indicated herein.  The maintenance, inspection and safety of the real property is necessarily incident to the ownership of the property.

62.     The Defendant Pine Tree Commercial Realty, LLC opened their property to the public and the means of accessing the property was by a front door leading from the parking lot area.

63.     The Defendant Pine Tree Commercial Realty, LLC installed and/or elected to install a door that would open and close automatically when business invitees would approach and/or exit the building.

64.     On June 28, 2022, Plaintiff Bonnie Schutte was at the Defendant Pine Tree Commercial Realty, LLC's property shopping for groceries.  The Plaintiff was exiting the building when the automatic doors shut on her.

65.     The Plaintiff was crushed in between the closing automatic doors.

66.     At all times relevant, Defendant Pine Tree Commercial Realty, LLC knew or should have known of the hazardous condition on their property.

67.     The Defendant Pine Tree Commercial Realty, LLC failed to make safe or warn the Plaintiff of the dangerous condition on their property.

68.     The Plaintiff being crushed between the doors was a direct and proximate result of the hazardous condition outlined herein.

AMC : 000010 of 000012

**EXHIBIT 1**

NOT ORIGINAL
DOCUMENT
11/27/2023 12:20:31
PM
88890-57

69.     The Defendant Pine Tree Commercial Realty, LLC was negligent in allowing the hazardous condition to exist at the entryway of the building on their property.

70.     The Defendant Pine Tree Commercial Realty, LLC was negligent in not properly maintaining and/or inspecting and/or servicing the entryways of their property.

71.     As a direct and proximate result of the Defendant Pine Tree Commercial Realty, LLC's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

72.     As a direct and proximate result of the Defendant Pine Tree Commercial Realty, LLC's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

73.     As a direct and proximate result of the Defendant Pine Tree Commercial Realty, LLC's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

74.     As a direct and proximate result of Defendant Pine Tree Commercial Realty, LLC's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

**WHEREFORE,** Plaintiff demands judgment in her favor against the Defendants in an amount in excess of any minimum dollar amount necessary to establish the jurisdiction of this Court that will adequately compensate her for the injuries, damages and costs incurred herein including attorney's fees, punitive damages and any such other further relief as this Court deems just and proper.

NOT ORIGINAL

DOCUMENT

11/27/2023 12:20:31

PM

88890-57

Respectfully submitted,

**SCOTT BEST LAW, PLLC**

/s/ Scott A. Best
Scott A. Best (88844)
73 Cavalier Blvd., Suite 316
Florence, KY 41042
Telephone: 859-970-2378
Facsimile: 859-818-0574
sbest@scottbestlaw.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this action.

/s/ Scott A. Best
SCOTT A. BEST (88844)

## CERTIFICATE OF JURISDICTION

Plaintiff, by and through counsel, hereby certifies her good faith belief that the value of the claims herein exceeds the minimum amount required for this Court to assert jurisdiction in this matter.

/s/ Scott A. Best
SCOTT A. BEST (88844)

EXHIBIT 1

DOCUMENT

RM

NOT ORIGINAL

05/30/2023 12:55:03

88890-57

COMMONWEALTH OF KENTUCKY
CAMPBELL COUNTY CIRCUIT COURT
CIVIL CASE NO. 23-CI-_____

BONNIE SCHUTTE                                          PLAINTIFF
900 Oakwood Drive Apt. 1
Fort Thomas, KY 41075

v.

KROGER MARKETPLACE
130 Pavillion Parkway
Newport KY 41071

And

THE KROGER CO.
1014 Vine Street
Cincinnati, OH 45202

               Please serve registered agent:
               Corporate Service Company
               421 West Main Street
               Frankfort, KY 40601
And

KROGER LIMITED PARTNERSHIP I

               Please serve registered agent:
               Corporate Service Company
               421 West Main Street
               Frankfort, KY 40601

And

XYZ COMPANY
Defendant who is unknown to
Plaintiff at this time.

And

CITY OF NEWPORT
998 Monmouth Street
Newport, KY 41071

               Please serve City Manager:
               Thomas Fromme
               998 Monmouth Street
               Newport, KY 41071

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

EXAM : 000001 of 000007

EXHIBIT 1

NOT ORIGINAL

05/30/2023 12:55:02

DOCUMENT

DEFENDANTS

88896-57

RM

---

## COMPLAINT WITH JURY DEMAND

---

Plaintiff Bonnie Schutte, by and through counsel, and for her Complaint against the above-named Defendants, states as follows:

### **PARTIES**

1.      Plaintiff Bonnie Schutte is a resident of Kentucky.

2.      At all relevant times, Defendant Kroger Marketplace and/or The Kroger Co. and/or Kroger Food Stores were business entities that owned and/or operated and/or maintained a Kroger Marketplace store located at 130 Pavillion Parkway, Newport, Kentucky 41071.

3.      Defendant XYZ Company was a person and/or business entity whose name Plaintiff does not know and has been unable to presently ascertain, but is a person and/or entity who installed, maintained and/or controlled the automatic doors used at the Kroger Marketplace store located at 130 Pavillion Parkway, Newport, Kentucky 41070.

4.      Defendant City of Newport owns the property/store located at 130 Paviliion Parkway, Newport, Kentucky 41071.

### **COUNT I**

5.      Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

6.      At all relevant times, Defendants Kroger Marketplace and/or The Kroger Co. and/or Kroger Limited Partnership I (hereinafter collectively referred to as "Kroger Defendants") owned and/or operated and/or maintained a Kroger Marketplace at the address indicated herein.  The maintenance, inspection and safety of the real property is necessarily incident to the operation of their business.

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

CEM : 000002 of 000007

EXHIBIT 1

7.      The Kroger Defendants' store was open to the public and the means of accessing the store was by a front door leading from the parking lot area.

8.      The Kroger Defendants installed and/or elected to install a door that would open and close automatically when business invitees would approach and/or exit the building.

9.      On June 28, 2022, Plaintiff Bonnie Schutte was at the Kroger Defendants' property shopping for groceries.  The Plaintiff was exiting the building when the automatic doors shut on her.

10.     The Plaintiff was crushed in between the closing automatic doors.

11.     At all times relevant, the Kroger Defendants knew or should have known of the hazardous condition on their property.

12.     The Kroger Defendants failed to make safe or warn the Plaintiff of the dangerous condition in their property.

13.     The Plaintiff being crushed between the doors was a direct and proximate result of the hazardous condition outlined herein.

14.     The Kroger Defendants were negligent in allowing the hazardous condition to exist at the entryway of the building on their property.

15.     The Kroger Defendants were negligent in not properly maintaining and/or inspecting and/or servicing the entryways of their store.

16.     As a direct and proximate result of the Kroger Defendants' negligence, Plaintiff suffered severe bodily injuries which he reasonably believes to be permanent.

17.     As a direct and proximate result of the Kroger Defendants' negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

EXHIBIT 1

NOT ORIGINAL
DOCUMENT
05/30/2023 12:55:03
RM
88890-57

18.     As a direct and proximate result of Kroger Defendants' negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

19.     As a direct and proximate result of Kroger Defendants' negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

## <u>COUNT II</u>

20.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

21.     At all times relevant, the Kroger Defendants contracted with Defendant XYZ Company, whose name is not known to the Plaintiff, to install, maintain and service the automatic doors at the property that is the subject of this action.

22.     Defendant XYZ had a duty to install, maintain and property service the doors at issue so they would function in a reasonable and safe manner.

23.     Defendant XYZ was negligent in that they failed to ensure that the doors they installed, maintained and serviced were safe for the business patrons utilizing the doors to gain access to the store that is the subject of this action.

24.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

25.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

EXHIBIT 1

NOT ORIGINAL
DOCUMENT
05/30/2023 12:55:03
RM
88890-57

26.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

27.     As a direct and proximate result of Defendants XYZ's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

### COUNT III

28.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

29.     At all relevant times, Defendant City of Newport owned the property known as or utilized as the Kroger Marketplace at the address indicated herein.  The maintenance, inspection and safety of the real property is necessarily incident to the ownership of the property.

30.     The Defendant City of Newport opened their property to the public and the means of accessing the property was by a front door leading from the parking lot area.

31.     The Defendant City of Newport installed and/or elected to install a door that would open and close automatically when business invitees would approach and/or exit the building.

32.     On June 28, 2022, Plaintiff Bonnie Schutte was at the Defendant City of Newport's property shopping for groceries.  The Plaintiff was exiting the building when the automatic doors shut on her.

33.     The Plaintiff was crushed in between the closing automatic doors.

34.     At all times relevant, the Defendant City of Newport knew or should have known of the hazardous condition on their property.

NOT ORIGINAL
DOCUMENT
05/30/2023 12:55:03
RM
88890-57

35.     The Defendant City of Newport failed to make safe or warn the Plaintiff of the dangerous condition on their property.

36.     The Plaintiff being crushed between the doors was a direct and proximate result of the hazardous condition outlined herein.

37.     The Defendant City of Newport was negligent in allowing the hazardous condition to exist at the entryway of the building on their property.

38.     The Defendant City of Newport was negligent in not properly maintaining and/or inspecting and/or servicing the entryways of their property.

39.     As a direct and proximate result of the Defendant City of Newport's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

40.     As a direct and proximate result of the Defendant City of Newport's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

41.     As a direct and proximate result of the Defendant City of Newport's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

42.     As a direct and proximate result of Defendant City of Newport's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

EXAM : 000006 of 000007

EXHIBIT 1

NOT ORIGINAL
DOCUMENT
05/30/2023 12:55:03
RM
88890-57

**WHEREFORE,** Plaintiff demands judgment in her favor against the Defendants in an amount in excess of any minimum dollar amount necessary to establish the jurisdiction of this Court that will adequately compensate her for the injuries, damages and costs incurred herein including attorney's fees, punitive damages and any such other further relief as this Court deems just and proper.

Respectfully submitted,

*SCOTT BEST LAW, PLLC*

/s/ Scott A. Best
Scott A. Best (88844)
73 Cavalier Blvd., Suite 316
Florence, KY 41042
Telephone: 859-970-2378
Facsimile: 859-818-0574
scott@best-law.org
*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury in this action.

/s/ Scott A. Best
SCOTT A. BEST (88844)

**CERTIFICATE OF JURISDICTION**

Plaintiff, by and through counsel, hereby certifies her good faith belief that the value of the claims herein exceeds the minimum amount required for this Court to assert jurisdiction in this matter.

/s/ Scott A. Best
SCOTT A. BEST (88844)

EXAM : 000007 of 000007


NOT ORIGINAL
DOCUMENT
11/27/2023 12:21:37 PM
88890-57

| | |
|---|---|
| **Case #:** 23-CI-00463 | **Envelope #:** 6142080 |
| **Received From:** BEST, SCOTT ANTHONY | **Account Of:** BEST, SCOTT ANTHONY |
| **Case Title:** SCHUTTE, BONNIE VS. KROGER MARKETPLA ET AL | **Confirmation Number:** 163847090 |
| **Filed On** 6/15/2023 10:58:25AM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Money Collected For Others(Postage) | $241.95 |
| 2 | Charges For Services(Copy - Photocopy) | $31.50 |
| | **TOTAL:** | $273.45 |

EXHIBIT 1

**UNITED STATES POSTAL SERVICE.**

DOCUMENT

PM

NOT ORIGINAL

11/27/2023 12:22:14

88890-57

Date Produced: 06/19/2023

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8319 2415 36. Our records indicate that this item was delivered on 06/16/2023 at 12:23 p.m. in LEXINGTON, KY 40504. The scanned image of the recipient information is provided below.

Signature of Recipient :
(Authorized Agent)

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

AOS : 000001 of 000001

Customer Reference Number:      C4265610.25487391

EXHIBIT 1

NOT ORIGINAL

DOCUMENT

11/27/2023 12:24:11

PM

88890-57

**COMMONWEALTH OF KENTUCKY**
**CAMPBELL COUNTY CIRCUIT COURT**
**DIVISION I**
**CASE NO. 23-CI-00463**
**\*\*Electronically Filed\*\***

BONNIE SCHUTTE                                          PLAINTIFF

vs.

KROGER MARKETPLACE, ET AL.                             DEFENDANTS

_____

**ANSWER OF DEFENDANTS, KROGER MARKETPLACE, THE KROGER CO., AND KROGER LTD. PARTNERSHIP I, TO THE COMPLAINT OF PLAINTIFF WITH JURY DEMAND**

_____

Now come Defendants, Kroger Marketplace, The Kroger Co., and Kroger Ltd. Partnership I, by and through their counsel and for their Answer to the Complaint of Plaintiff, Bonnie Schutte, state as follows:

**FIRST DEFENSE**

1.      Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

**SECOND DEFENSE**

2.      Plaintiff's Complaint fails to join necessary and/or proper parties pursuant to Rule 19.01 of the Kentucky Rules of Civil Procedure including, but not limited to, subrogated insurers with subrogated claims and/or other entities with assigned claims.

**THIRD DEFENSE**

3.       Defendants, Kroger Marketplace, The Kroger Co., and Kroger Ltd. Partnership I, deny for want of knowledge the allegations contained in Paragraphs 1, 3, 4, 9, 10, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41 and 42 of Plaintiff's Complaint.

ANS : 000001 of 000004

EXHIBIT 1

NOT ORIGINAL
11/27/2023 12:24:11
88890-57

DOCUMENT

PM

4.    Defendants, Kroger Marketplace, The Kroger Co., and Kroger Ltd. Partnership I, deny the allegations contained in Paragraphs 2, 11, 12, 13, 14, 15, 16, 17, 18 and 19 of Plaintiff's Complaint.

5.    Defendants, Kroger Marketplace, The Kroger Co., and Kroger Ltd. Partnership I, admit the allegation contained in Paragraph 7 of Plaintiff's Complaint.

6.    Defendants, Kroger Marketplace, The Kroger Co., and Kroger Ltd. Partnership I, admits, denies, and denies for want of knowledge, the allegations incorporated by reference in Paragraphs 5, 20 and 28 of Plaintiff's Complaint as each and every allegation incorporated by reference in those paragraphs is specifically admitted, denied, or denied for want of knowledge in this Answer.

7.    In response to paragraph 6 of Plaintiff's Complaint, Defendants Kroger admit that Kroger Ltd. Partnership I owned and/or operated and/or maintained Kroger Marketplace at the address indicated herein. The Kroger Defendants deny that Kroger Marketplace and/or The Kroger Co. owned and/or operated and/or maintained the Kroger Marketplace at the address indicated herein. Defendants Kroger admit that the maintenance, inspection and safety of the real property is necessarily incident to the operation of their business.

## FOURTH DEFENSE

8.    Plaintiff's alleged injuries and damages, if any, are barred or reduced by her independent acts of negligence, comparative negligence, and/or assumption of the risk.

## FIFTH DEFENSE

9.    Plaintiff's alleged injuries and damages, if any, directly and proximately resulted from the independent acts of third persons over whom this Defendant exercised no direction or control.

ANS : 000002 of 000004

**EXHIBIT 1**

NOT ORIGINAL

DOCUMENT

11/27/2023 12:24:11

PM

88890-57

### SIXTH DEFENSE

10.     Plaintiff's alleged injuries and damages, if any, directly and proximately resulted from independent intervening and/or superseding causes.

### SEVENTH DEFENSE

11.     Plaintiff has failed to mitigate and/or minimize her alleged damages.

### EIGHTH DEFENSE

12.     Plaintiff's Complaint fails to comply with CR 9.06 of the Kentucky Rules of Civil Procedure regarding statement of special damages and, therefore, should be dismissed.

### NINTH DEFENSE

13.     Defendants, Kroger Marketplace, The Kroger Co., and Kroger Ltd. Partnership I, did not owe any alleged duty to Plaintiff.

### TENTH DEFENSE

14.     Defendants, Kroger Marketplace, The Kroger Co., and Kroger Ltd. Partnership I, did not breach any alleged duty owed to Plaintiff.

### ELEVENTH DEFENSE

15.     Plaintiff's claims are barred by the applicable statute of limitations.

### JURY DEMAND

Defendants, Kroger Marketplace, The Kroger Co., and Kroger Ltd. Partnership I, hereby demand a jury on all issues so triable.

NOT ORIGINAL
DOCUMENT
11/27/2023 12:24:11
PM
88890-57

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants, Kroger Marketplace, The Kroger Co., and Kroger Ltd. Partnership I, demand that Plaintiff's Complaint be dismissed at Plaintiff's cost and that Plaintiff take nothing hereby.

Respectfully submitted,

/s/ Charles L. Hinegardner

_____

Charles L. Hinegardner, Esq. (88053)
Barron Peck Bennie & Schlemmer
3074 Madison Road
Cincinnati, Ohio  45209
(513)721-1350
(513)721-8311 Facsimile
CLH@BPBSlaw.com
*Attorney for Defendants, Kroger Marketplace, The Kroger Co., and Kroger Ltd. Partnership I*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing has been served via ordinary U.S. Mail and Electronic Mail this 21st day of June, 2023:

| | |
|---|---|
| Scott A. Best, Esq. | City of Newport |
| 73 Cavalier Blvd, Suite 316 | *Please Serve City Manager:* |
| Florence, Kentucky 41042 | Thomas Fromme |
| scott@best-law.org | 998 Monmouth Street |
| *Attorney for Plaintiff, Bonnie Schutte* | Newport, Kentucky, 41071 |
| | *Defendant, City of Newport* |

/s/ Charles L. Hinegardner

_____

Charles L. Hinegardner
*Attorney for Defendants, Kroger Marketplace, The Kroger Co., and Kroger Ltd. Partnership I*

ANS : 000004 of 000004

EXHIBIT 1

**UNITED STATES POSTAL SERVICE.**

DOCUMENT

PM

NOT ORIGINAL

11/27/2023 12:23:19

88890-57

Date Produced: 06/21/2023

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8319 2415 29. Our records indicate that this item was delivered on 06/20/2023 at 10:41 a.m. in NORTHBROOK, IL 60062. The scanned image of the recipient information is provided below.

Signature of Recipient :        *R. Inman*

*R. Inman*

Address of Recipient :        *CPU Skan CID*

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

AOS : 000001 of 000001

Customer Reference Number:        C4265610.25487392

EXHIBIT 1

DOCUMENT

PM

NOT ORIGINAL

09/25/2023 12:00:53

88890-57

COMMONWEALTH OF KENTUCKY
CAMPBELL COUNTY CIRCUIT COURT
CIVIL CASE NO. 23-CI-00463

BONNIE SCHUTTE                                                      PLAINTIFF

v.

KROGER MARKETPLACE, et al.                                DEFENDANTS

---

### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR DISMISSAL OF PARTY DEFENDANTS

---

Plaintiff Bonnie Schutte, by and through counsel, pursuant to Civil Rule 15.01, hereby moves for leave to file a Second Amended Complaint. A Memorandum and proposed Second Amended Complaint is attached hereto.

In addition, the Plaintiff moves for a dismissal of City of Newport, IRC Newport Pavillion, LLC, IRC Newport Pavillion Bondholder, LLC and Pine Tree Commercial Realty, LLC. This request for dismissal does not affect the other parties before the Court.

Respectfully submitted,

***SCOTT BEST LAW, PLLC***

/s/ Scott A. Best
Scott A. Best (88844)
73 Cavalier Blvd., Suite 316
Florence, KY 41042
Telephone: 859-970-2378
Facsimile: 859-818-0574
sbest@scottbestlaw.com
*Counsel for Plaintiff*

AM : 000001 of 000003

EXHIBIT 1

NOT ORIGINAL

DOCUMENT

09/25/2023 12:00:53

PM

88890-57

## MEMORANDUM

This matter was filed for injuries that occurred at the Kroger in Newport, Kentucky. The Plaintiff has alleged that she was injured when the automatic doors shut on her upon entering the store. Initially, the Plaintiff was unsure who manufactured and/or installed the doors at issue. The Plaintiff named a "John Doe" corporation at the time of her initial filing. Since that time, the Plaintiff has been able to identify the companies who were directly involved with the doors at issue. These two new companies are named in the Plaintiff's proposed Second Amended Complaint.

As it relates to the requested dismissals, the Plaintiff has been provided information that the City of Newport, IRC Newport Pavillion, LLC, IRC Newport Pavillion Bondholder, LLC and Pine Tree Commercial Realty, LLC. did not own and/or operate the Kroger at issue during the times relevant to the Complaint. Therefore, it is requested that these parties be dismissed.

Respectfully submitted,

***SCOTT BEST LAW, PLLC***

/s/ Scott A. Best
Scott A. Best (88844)
73 Cavalier Blvd., Suite 316
Florence, KY 41042
Telephone: 859-970-2378
Facsimile: 859-818-0574
sbest@scottbestlaw.com
*Counsel for Plaintiff*

AM : 000002 of 000003

EXHIBIT 1

NOT ORIGINAL

DOCUMENT

09/25/2023 12:00:53

PM

88890-57

## NOTICE OF HEARING

Please take notice that this Motion will come on for hearing before the Court on the 15th day of September, 2023 at 9:00 a.m.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via ordinary U.S. Mail and/or Electronic Mail this 6th day of September, 2023:

Charles L. Hinegardner, Esq. (88053)
Barron Peck Bennie & Schlemmer
3074 Madison Road
Cincinnati, Ohio  45209
(513)721-1350
(513)721-8311 Facsimile
CLH@BPBSlaw.com
*Attorney for Defendants, Kroger Marketplace,*
*The Kroger Co. and Kroger Ltd. Partnership I*

/s/ Scott A. Best
Scott A. Best (88844)

EXHIBIT 1

DOCUMENT

PM

## COMMONWEALTH OF KENTUCKY
## CAMPBELL COUNTY CIRCUIT COURT
## CIVIL CASE NO. 23-CI-00463

BONNIE SCHUTTE
900 Oakwood Drive Apt. 1
Fort Thomas, KY 41075                                        PLAINTIFF

    v.

KROGER LIMITED PARTNERSHIP I

        Please serve registered agent:
        Corporate Service Company
        421 West Main Street
        Frankfort, KY 40601

And

STANLEY ACCESS TECHNOLOGIES, LLC
65 Scott Swamp Road
Farmington, CT 06032

And

ALLEGION ACCESS TECHNOLOGIES, LLC
11819 North Pennsylvania Street
Carmel, IN 46032
        Please serve:
        Corporation Service Company
        Goodwin Square 225 Asylum Street, 20th Floor
        Hartford, CT 06103

And

XYZ COMPANY
Defendant who is unknown to
Plaintiff at this time.

                                            DEFENDANTS

---

## SECOND AMENDED COMPLAINT WITH JURY DEMAND

---

        Plaintiff, Bonnie Schutte, by and through counsel, and for her Amended Complaint against

the above-named Defendants, states as follows:

AMC : 000001 of 000008

## EXHIBIT 1

NOT ORIGINAL

DOCUMENT

09/25/2023 12:02:19

PM

88890-57

## PARTIES

1.      Plaintiff Bonnie Schutte is a resident of Kentucky.  The incident that is the subject

of this action occurred in Campbell County, Kentucky making jurisdiction of this Court proper.

2.      At all relevant times, Defendant Kroger Marketplace and/or The Kroger Co. and/or

Kroger Food Stores were business entities that owned and/or operated and/or maintained a Kroger

Marketplace store located at 130 Pavillion Parkway, Newport, Kentucky 41071.

3.      Defendant Stanley Access Technologies, LLC is a business entity with the address

of 65 Scott Swamp Road, Farmington, Connecticut who installed, maintained and/or controlled

the automatic doors used at the Kroger Marketplace store located at 130 Pavillion Parkway,

Newport, Kentucky 41070.

4.      Defendant Allegion Access Technologies, LLC is a business entity with the address

of 11819 North Pennsylvania Street, Carmel, Indiana who installed, maintained and/or controlled

the automatic doors used at the Kroger Marketplace store located at 130 Pavillion Parkway,

Newport, Kentucky 41070.

5.      Defendant XYZ Company was a person and/or business entity whose name

Plaintiff does not know and has been unable to presently ascertain, but is a person and/or entity

who installed, maintained and/or controlled the automatic doors used at the Kroger Marketplace

store located at 130 Pavillion Parkway, Newport, Kentucky 41070.

## COUNT I

6.      Plaintiff incorporates by reference each and every paragraph of this Complaint as

if fully rewritten herein.

7.      At all relevant times, Defendants Kroger Marketplace and/or The Kroger Co. and/or

Kroger Limited Partnership I (hereinafter collectively referred to as "Kroger Defendants") owned

AMC : 000002 of 000008

EXHIBIT 1

NOT ORIGINAL

DOCUMENT

09/25/2023 12:02:19
88890-57

PM          and/or operated and/or maintained a Kroger Marketplace at the address indicated herein.   The

maintenance, inspection and safety of the real property is necessarily incident to the operation of

their business.

8.     The Kroger Defendants' store was open to the public and the means of accessing

the store was by a front door leading from the parking lot area.

9.     The Kroger Defendants installed and/or elected to install a door that would open

and close automatically when business invitees would approach and/or exit the building.

10.     On June 28, 2022, Plaintiff Bonnie Schutte was at the Kroger Defendants' property

shopping for groceries.  The Plaintiff was exiting the building when the automatic doors shut on

her.

11.     The Plaintiff was crushed in between the closing automatic doors.

12.     At all times relevant, the Kroger Defendants knew or should have known of the

hazardous condition on their property.

13.     The Kroger Defendants failed to make safe or warn the Plaintiff of the dangerous

condition of their property.

14.     The Plaintiff being crushed between the doors was a direct and proximate result of

the hazardous condition outlined herein.

15.     The Kroger Defendants were negligent in allowing the hazardous condition to exist

at the entryway of the building on their property.

16.     The Kroger Defendants were negligent in not properly maintaining and/or

inspecting and/or servicing the entryways of their store.

17.     As a direct and proximate result of the Kroger Defendants' negligence, Plaintiff

suffered severe bodily injuries which he reasonably believes to be permanent.

EXHIBIT 1

NOT ORIGINAL

DOCUMENT

PM

09/25/2023 12:02:19

88890-57

18.     As a direct and proximate result of the Kroger Defendants' negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

19.     As a direct and proximate result of Kroger Defendants' negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

20.     As a direct and proximate result of Kroger Defendants' negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

### COUNT II

21.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

22.     At all times relevant, the Defendants contracted with Defendant Stanley Access Technologies, LLC (hereinafter referred to as "Stanley") to install, maintain and service the automatic doors at the property that is the subject of this action.

23.     Defendant Stanley had a duty to install, maintain and property service the doors at issue so they would function in a reasonable and safe manner.

24.     Defendant Stanley was negligent in that they failed to ensure that the doors they installed, maintained and serviced were safe for the business patrons utilizing the doors to gain access to the store that is the subject of this action.

25.     As a direct and proximate result of Defendant Stanley's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

AMC : 000004 of 000008

EXHIBIT 1

88890-57

26.     As a direct and proximate result    of Defendant Stanley's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

27.     As a direct and proximate result of Defendant Stanley's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

28.     As a direct and proximate result of Defendant Stanley's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

## COUNT III

29.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

30.     At all times relevant, the Defendants contracted with Defendant Allegion Access Technologies, LLC (hereinafter referred to as "Allegion") to install, maintain and service the automatic doors at the property that is the subject of this action.

31.     Defendant Allegion had a duty to install, maintain and properly service the doors at issue so they would function in a reasonable and safe manner.

32.     Defendant Allegion was negligent in that they failed to ensure that the doors they installed, maintained and serviced were safe for the business patrons utilizing the doors to gain access to the store that is the subject of this action.

33.     As a direct and proximate result of Defendant Allegion's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

AMC : 000005 of 000008

EXHIBIT 1

NOT ORIGINAL
DOCUMENT
09/25/2023 12:02:19
PM
88890-57

34.     As a direct and proximate result of Defendant Allegion's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

35.     As a direct and proximate result of Defendant Allegion's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

36.     As a direct and proximate result of Defendant Allegion's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

**COUNT IV**

37.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

38.     At all times relevant, the Defendants contracted with Defendant XYZ Company, whose name is not known to the Plaintiff, to install, maintain and service the automatic doors at the property that is the subject of this action.

39.     Defendant XYZ had a duty to install, maintain and property service the doors at issue so they would function in a reasonable and safe manner.

40.     Defendant XYZ was negligent in that they failed to ensure that the doors they installed, maintained and serviced were safe for the business patrons utilizing the doors to gain access to the store that is the subject of this action.

41.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

AMC : 000006 of 000008

EXHIBIT 1

NOT ORIGINAL
DOCUMENT
PM                                          09/25/2023 12:02:19
                                            88890-57

42.    As a direct and proximate result of Defendant XYZ's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

43.    As a direct and proximate result of Defendant XYZ's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

44.    As a direct and proximate result of Defendants XYZ's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

**WHEREFORE,** Plaintiff demands judgment in her favor against the Defendants in an amount in excess of any minimum dollar amount necessary to establish the jurisdiction of this Court that will adequately compensate her for the injuries, damages and costs incurred herein including attorney's fees, punitive damages and any such other further relief as this Court deems just and proper.

Respectfully submitted,

***SCOTT BEST LAW, PLLC***

/s/ Scott A. Best
Scott A. Best (88844)
73 Cavalier Blvd., Suite 316
Florence, KY 41042
Telephone: 859-970-2378
Facsimile: 859-818-0574
sbest@scottbestlaw.com
*Counsel for Plaintiff*

### JURY DEMAND

Plaintiff hereby demands a trial by jury in this action.

AMC : 000007 of 000008

EXHIBIT 1

NOT ORIGINAL

DOCUMENT

PM

09/25/2023 12:02:19

/s/ Scott A. Best
SCOTT A. BEST (88844)     88890-57

## CERTIFICATE OF JURISDICTION

Plaintiff, by and through counsel, hereby certifies her good faith belief that the value of the claims herein exceeds the minimum amount required for this Court to assert jurisdiction in this matter.

/s/ Scott A. Best
SCOTT A. BEST (88844)

AMC : 000008 of 000008

EXHIBIT 1

NOT ORIGINAL

DOCUMENT

09/25/2023 02:03:10

PM

88890-57

## COMMONWEALTH OF KENTUCKY
## CAMPBELL COUNTY CIRCUIT COURT
## CIVIL CASE NO. 23-CI-00463

BONNIE SCHUTTE                                           PLAINTIFF

v.

KROGER MARKETPLACE, et al.                              DEFENDANTS

---

### AGREED ORDER

---

Upon agreement by and between the represented parties to this action, it is hereby agreed that the Plaintiff be permitted to amend her Complaint in this action as proposed in the pending Motion for Leave.

It is hereby **ORDERED** as follows:

1. The Plaintiff's Motion for Leave is hereby granted. The Plaintiff may file her Second Amended Complaint in this action to bring in those parties recently identified and dismiss those parties so requested in her Motion.

SO ORDERED this the _____ day of _____, 2023.

_____
JUDGE, CAMPBELL CIRCUIT COURT

PREPARED BY AND AGREED TO:

*/s/ Scott A. Best*
Hon. Scott A. Best (88844)
Scott Best Law, PLLC
73 Cavalier Blvd., Suite 316
Florence, KY 41042
*Counsel for Defendant*



So Ordered  on 09 11, 2023 11:47:24 AM ET

HON. JULIE REINHARDT WARD
CIRCUIT JUDGE, CAMPBELL COUNTY
Taunya Nolan Jack, Campbell Circuit Clerk

Entered     23-CI-00463     09/11/2023

OO : 000001 of 000002

**EXHIBIT 1**

NOT ORIGINAL

09/25/2023 02:03:10

88890-57

DOCUMENT

PM          HAVE SEEN AND AGREED TO:


*/s/ Chuck Hinegardner (per e-mail authority)*
Hon. Charles L. Hinegardner (88053)
Barron Peck Bennie & Schlemmer
3074 Madison Road
Cincinnati, Ohio  45209
(513)721-1350
(513)721-8311 Facsimile
CLH@BPBSlaw.com



So Ordered  on 09 11, 2023 11:47:24 AM ET

HON. JULIE REINHARDT WARD
CIRCUIT JUDGE, CAMPBELL COUNTY

Entered          23-CI-00463     09/11/2023          Taunya Nolan Jack, Campbell Circuit Clerk

OO : 000002 of 000002

**EXHIBIT 1**

DOCUMENT

PM

NOT ORIGINAL

09/25/2023 02:05:32

88890-57

COMMONWEALTH OF KENTUCKY
CAMPBELL COUNTY CIRCUIT COURT
CIVIL CASE NO. 23-CI-00463

BONNIE SCHUTTE
900 Oakwood Drive Apt. 1
Fort Thomas, KY 41075                                          PLAINTIFF

v.

KROGER LIMITED PARTNERSHIP I

        Please serve registered agent:
        Corporate Service Company
        421 West Main Street
        Frankfort, KY 40601

And

STANLEY ACCESS TECHNOLOGIES, LLC
65 Scott Swamp Road
Farmington, CT 06032

And

ALLEGION ACCESS TECHNOLOGIES, LLC
11819 North Pennsylvania Street
Carmel, IN 46032
        Please serve:
        Corporation Service Company
        Goodwin Square 225 Asylum Street, 20th Floor
        Hartford, CT 06103

And

XYZ COMPANY
Defendant who is unknown to
Plaintiff at this time.

                                             DEFENDANTS

---

**SECOND AMENDED COMPLAINT WITH JURY DEMAND**

---

      Plaintiff, Bonnie Schutte, by and through counsel, and for her Amended Complaint against

the above-named Defendants, states as follows:

AMC : 000001 of 000008

EXHIBIT 1

DOCUMENT

PM

NOT ORIGINAL

09/25/2023 02:05:32

88890-57

## **PARTIES**

1.       Plaintiff Bonnie Schutte is a resident of Kentucky.  The incident that is the subject of this action occurred in Campbell County, Kentucky making jurisdiction of this Court proper.

2.       At all relevant times, Defendant Kroger Marketplace and/or The Kroger Co. and/or Kroger Food Stores were business entities that owned and/or operated and/or maintained a Kroger Marketplace store located at 130 Pavillion Parkway, Newport, Kentucky 41071.

3.       Defendant Stanley Access Technologies, LLC is a business entity with the address of 65 Scott Swamp Road, Farmington, Connecticut who installed, maintained and/or controlled the automatic doors used at the Kroger Marketplace store located at 130 Pavillion Parkway, Newport, Kentucky 41070.

4.       Defendant Allegion Access Technologies, LLC is a business entity with the address of 11819 North Pennsylvania Street, Carmel, Indiana who installed, maintained and/or controlled the automatic doors used at the Kroger Marketplace store located at 130 Pavillion Parkway, Newport, Kentucky 41070.

5.       Defendant XYZ Company was a person and/or business entity whose name name Plaintiff does not know and has been unable to presently ascertain, but is a person and/or entity who installed, maintained and/or controlled the automatic doors used at the Kroger Marketplace store located at 130 Pavillion Parkway, Newport, Kentucky 41070.

## **COUNT I**

6.       Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

7.       At all relevant times, Defendants Kroger Marketplace and/or The Kroger Co. and/or Kroger Limited Partnership I (hereinafter collectively referred to as "Kroger Defendants") owned

AMC : 000002 of 000008

EXHIBIT 1

NOT ORIGINAL
DOCUMENT
09/25/2023 02:05:32
PM
88890-57

and/or operated and/or maintained a Kroger Marketplace at the address indicated herein. The maintenance, inspection and safety of the real property is necessarily incident to the operation of their business.

8.     The Kroger Defendants' store was open to the public and the means of accessing the store was by a front door leading from the parking lot area.

9.     The Kroger Defendants installed and/or elected to install a door that would open and close automatically when business invitees would approach and/or exit the building.

10.     On June 28, 2022, Plaintiff Bonnie Schutte was at the Kroger Defendants' property shopping for groceries. The Plaintiff was exiting the building when the automatic doors shut on her.

11.     The Plaintiff was crushed in between the closing automatic doors.

12.     At all times relevant, the Kroger Defendants knew or should have known of the hazardous condition on their property.

13.     The Kroger Defendants failed to make safe or warn the Plaintiff of the dangerous condition of their property.

14.     The Plaintiff being crushed between the doors was a direct and proximate result of the hazardous condition outlined herein.

15.     The Kroger Defendants were negligent in allowing the hazardous condition to exist at the entryway of the building on their property.

16.     The Kroger Defendants were negligent in not properly maintaining and/or inspecting and/or servicing the entryways of their store.

17.     As a direct and proximate result of the Kroger Defendants' negligence, Plaintiff suffered severe bodily injuries which he reasonably believes to be permanent.

**EXHIBIT 1**

NOT ORIGINAL
09/25/2023 02:05:32
88890-57

18.      As a direct and proximate result of the Kroger Defendants' negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

19.      As a direct and proximate result of Kroger Defendants' negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

20.      As a direct and proximate result of Kroger Defendants' negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

<u>**COUNT II**</u>

21.      Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

22.      At all times relevant, the Defendants contracted with Defendant Stanley Access Technologies, LLC (hereinafter referred to as "Stanley") to install, maintain and service the automatic doors at the property that is the subject of this action.

23.      Defendant Stanley had a duty to install, maintain and property service the doors at issue so they would function in a reasonable and safe manner.

24.      Defendant Stanley was negligent in that they failed to ensure that the doors they installed, maintained and serviced were safe for the business patrons utilizing the doors to gain access to the store that is the subject of this action.

25.      As a direct and proximate result of Defendant Stanley's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

AMC : 000004 of 000008

EXHIBIT 1

NOT ORIGINAL

DOCUMENT

PM

09/25/2023 02:05:32

88890-57

26.     As a direct and proximate result   of Defendant Stanley's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

27.     As a direct and proximate result of Defendant Stanley's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

28.     As a direct and proximate result of Defendant Stanley's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

### COUNT III

29.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

30.     At all times relevant, the Defendants contracted with Defendant Allegion Access Technologies, LLC (hereinafter referred to as "Allegion") to install, maintain and service the automatic doors at the property that is the subject of this action.

31.     Defendant Allegion had a duty to install, maintain and properly service the doors at issue so they would function in a reasonable and safe manner.

32.     Defendant Allegion was negligent in that they failed to ensure that the doors they installed, maintained and serviced were safe for the business patrons utilizing the doors to gain access to the store that is the subject of this action.

33.     As a direct and proximate result of Defendant Allegion's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

**EXHIBIT 1**

NOT ORIGINAL
DOCUMENT
09/25/2023 02:05:32
PM
88890-57

34.     As a direct and proximate result of Defendant Allegion's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

35.     As a direct and proximate result of Defendant Allegion's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

36.     As a direct and proximate result of Defendant Allegion's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

## COUNT IV

37.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

38.     At all times relevant, the Defendants contracted with Defendant XYZ Company, whose name is not known to the Plaintiff, to install, maintain and service the automatic doors at the property that is the subject of this action.

39.     Defendant XYZ had a duty to install, maintain and property service the doors at issue so they would function in a reasonable and safe manner.

40.     Defendant XYZ was negligent in that they failed to ensure that the doors they installed, maintained and serviced were safe for the business patrons utilizing the doors to gain access to the store that is the subject of this action.

41.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

AMC : 000006 of 000008

EXHIBIT 1

NOT ORIGINAL
09/25/2023 02:05:32
88890-57

42.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

43.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

44.     As a direct and proximate result of Defendants XYZ's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

**WHEREFORE,** Plaintiff demands judgment in her favor against the Defendants in an amount in excess of any minimum dollar amount necessary to establish the jurisdiction of this Court that will adequately compensate her for the injuries, damages and costs incurred herein including attorney's fees, punitive damages and any such other further relief as this Court deems just and proper.

Respectfully submitted,

*SCOTT BEST LAW, PLLC*

/s/ Scott A. Best
Scott A. Best (88844)
73 Cavalier Blvd., Suite 316
Florence, KY 41042
Telephone: 859-970-2378
Facsimile: 859-818-0574
sbest@scottbestlaw.com
*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury in this action.

AMC : 000007 of 000008

**EXHIBIT 1**

NOT ORIGINAL

DOCUMENT

09/25/2023 02:05:32

PM

/s/ Scott A. Best 88890-57
SCOTT A. BEST (88844)

## CERTIFICATE OF JURISDICTION

Plaintiff, by and through counsel, hereby certifies her good faith belief that the value of the claims herein exceeds the minimum amount required for this Court to assert jurisdiction in this matter.

/s/ Scott A. Best
SCOTT A. BEST (88844)

AMC : 000008 of 000008

EXHIBIT 1

NOT ORIGINAL

09/25/2023 02:06:53

88890-57

COMMONWEALTH OF KENTUCKY
CAMPBELL COUNTY CIRCUIT COURT
CIVIL CASE NO. 23-CI-00463

BONNIE SCHUTTE
900 Oakwood Drive Apt. 1
Fort Thomas, KY 41075

                                                        PLAINTIFF

v.

KROGER MARKETPLACE
130 Pavillion Parkway
Newport KY 41071

And

THE KROGER CO.
1014 Vine Street
Cincinnati, OH 45202

                    Please serve registered agent:
                    Corporate Service Company
                    421 West Main Street
                    Frankfort, KY 40601
And

KROGER LIMITED PARTNERSHIP I

                    Please serve registered agent:
                    Corporate Service Company
                    421 West Main Street
                    Frankfort, KY 40601


And

XYZ COMPANY
Defendant who is unknown to
Plaintiff at this time.

And

CITY OF NEWPORT
998 Monmouth Street
Newport, KY 41071

                    Please serve City Attorney:
                    Daniel R. Braun
                    998 Monmouth Street

EXHIBIT 1

NOT ORIGINAL

09/25/2023 02:06:53

DOCUMENT

PM

88890-57

Newport, KY 41071

And

IRC NEWPORT PAVILLION, LLC
814 Commerce Drive
Suite 300
Oak Brook, IL 60523

Please serve registered agent:
CT Corporation System
306 W. Main Street
Suite 512
Frankfort, KY 40601

And

IRC NEWPORT PAVILLION BONDHOLDER, LLC
814 Commerce Drive
Suite 300
Oak Brook, IL 60523

Please serve registered agent:
CT Corporation System
306 W. Main Street
Suite 512
Frankfort, KY 40601

And

PINE TREE COMMERCIAL REALTY, LLC
40 Skokie Blvd.
Suite 610
Northbrook, IL 60062

Please serve registered agent:
Cogency Global Inc.
828 Lane Allen Road
Suite 219
Lexington, KY 40504

DEFENDANTS

---

## AMENDED COMPLAINT WITH JURY DEMAND

---

Plaintiff Bonnie Schutte, by and through counsel, and for her Amended Complaint against the above-named Defendants, states as follows:

EXHIBIT 1

EXH : 000002 of 000012

NOT ORIGINAL
DOCUMENT
09/25/2023 02:06:53
PM
88890-57

## PARTIES

1.     Plaintiff Bonnie Schutte is a resident of Kentucky.  The incident that is the subject of this action occurred in Campbell County, Kentucky making jurisdiction of this Court proper.

2.     At all relevant times, Defendant Kroger Marketplace and/or The Kroger Co. and/or Kroger Food Stores were business entities that owned and/or operated and/or maintained a Kroger Marketplace store located at 130 Pavillion Parkway, Newport, Kentucky 41071.

3.     Defendant XYZ Company was a person and/or business entity whose name Plaintiff does not know and has been unable to presently ascertain, but is a person and/or entity who installed, maintained and/or controlled the automatic doors used at the Kroger Marketplace store located at 130 Pavillion Parkway, Newport, Kentucky 41070.

4.     Defendant City of Newport owns the property/store located at 130 Pavillion Parkway, Newport, Kentucky 41071.

5.     Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC own and/or operated and/or maintained the property/store located at 130 Pavillion Parkway, Newport, Kentucky 41071.

6.     Defendant Pine Tree Commercial Realty, LLC owns and/or operated and/or maintained and/or manages the property/store located at 130 Pavillion Parkway, Newport Kentucky 41071.

## COUNT I

7.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

8.     At all relevant times, Defendants Kroger Marketplace and/or The Kroger Co. and/or Kroger Limited Partnership I (hereinafter collectively referred to as "Kroger Defendants") owned

EXH : 000003 of 000012

**EXHIBIT 1**

NOT ORIGINAL
09/25/2023 02:06:53
88890-57

DOCUMENT

PM

and/or operated and/or maintained a Kroger Marketplace at the address indicated herein. The maintenance, inspection and safety of the real property is necessarily incident to the operation of their business.

9.      The Kroger Defendants' store was open to the public and the means of accessing the store was by a front door leading from the parking lot area.

10.      The Kroger Defendants installed and/or elected to install a door that would open and close automatically when business invitees would approach and/or exit the building.

11.      On June 28, 2022, Plaintiff Bonnie Schutte was at the Kroger Defendants' property shopping for groceries. The Plaintiff was exiting the building when the automatic doors shut on her.

12.      The Plaintiff was crushed in between the closing automatic doors.

13.      At all times relevant, the Kroger Defendants knew or should have known of the hazardous condition on their property.

14.      The Kroger Defendants failed to make safe or warn the Plaintiff of the dangerous condition in their property.

15.      The Plaintiff being crushed between the doors was a direct and proximate result of the hazardous condition outlined herein.

16.      The Kroger Defendants were negligent in allowing the hazardous condition to exist at the entryway of the building on their property.

17.      The Kroger Defendants were negligent in not properly maintaining and/or inspecting and/or servicing the entryways of their store.

18.      As a direct and proximate result of the Kroger Defendants' negligence, Plaintiff suffered severe bodily injuries which he reasonably believes to be permanent.

EXH : 000004 of 000012

**EXHIBIT 1**

NOT ORIGINAL
DOCUMENT
09/25/2023 02:06:53
PM
88890-57

19.     As a direct and proximate result of the Kroger Defendants' negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

20.     As a direct and proximate result of Kroger Defendants' negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

21.     As a direct and proximate result of Kroger Defendants' negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

## COUNT II

22.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

23.     At all times relevant, the Defendants contracted with Defendant XYZ Company, whose name is not known to the Plaintiff, to install, maintain and service the automatic doors at the property that is the subject of this action.

24.     Defendant XYZ had a duty to install, maintain and property service the doors at issue so they would function in a reasonable and safe manner.

25.     Defendant XYZ was negligent in that they failed to ensure that the doors they installed, maintained and serviced were safe for the business patrons utilizing the doors to gain access to the store that is the subject of this action.

26.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

NOT ORIGINAL
DOCUMENT
PM
09/25/2023 02:06:53
88890-57

27.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

28.     As a direct and proximate result of Defendant XYZ's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

29.     As a direct and proximate result of Defendants XYZ's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

## COUNT III

30.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

31.     At all relevant times, Defendant City of Newport owned the property known as or utilized as the Kroger Marketplace at the address indicated herein.  The maintenance, inspection and safety of the real property is necessarily incident to the ownership of the property.

32.     The Defendant City of Newport opened their property to the public and the means of accessing the property was by a front door leading from the parking lot area.

33.     The Defendant City of Newport installed and/or elected to install a door that would open and close automatically when business invitees would approach and/or exit the building.

34.     On June 28, 2022, Plaintiff Bonnie Schutte was at the Defendant City of Newport's property shopping for groceries.  The Plaintiff was exiting the building when the automatic doors shut on her.

35.     The Plaintiff was crushed in between the closing automatic doors.

EXH : 000006 of 000012

EXHIBIT 1

NOT ORIGINAL
09/25/2023 02:06:53
88890-57

DOCUMENT

PM

36.     At all times relevant, the Defendant City of Newport knew or should have known of the hazardous condition on their property.

37.     The Defendant City of Newport failed to make safe or warn the Plaintiff of the dangerous condition on their property.

38.     The Plaintiff being crushed between the doors was a direct and proximate result of the hazardous condition outlined herein.

39.     The Defendant City of Newport was negligent in allowing the hazardous condition to exist at the entryway of the building on their property.

40.     The Defendant City of Newport was negligent in not properly maintaining and/or inspecting and/or servicing the entryways of their property.

41.     As a direct and proximate result of the Defendant City of Newport's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

42.     As a direct and proximate result of the Defendant City of Newport's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

43.     As a direct and proximate result of the Defendant City of Newport's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

44.     As a direct and proximate result of Defendant City of Newport's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

EXH : 000007 of 000012

EXHIBIT 1

NOT ORIGINAL

09/25/2023 02:06:53

88890-57

DOCUMENT

PM

## COUNT IV

45.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

46.     At all relevant times, Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC owned the property known as or utilized as the Kroger Marketplace at the address indicated herein.  The maintenance, inspection and safety of the real property is necessarily incident to the ownership of the property.

47.     The Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC opened their property to the public and the means of accessing the property was by a front door leading from the parking lot area.

48.     The Defendant IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC installed and/or elected to install a door that would open and close automatically when business invitees would approach and/or exit the building.

49.     On June 28, 2022, Plaintiff Bonnie Schutte was at the Defendant City of Newport's property shopping for groceries.  The Plaintiff was exiting the building when the automatic doors shut on her.

50.     The Plaintiff was crushed in between the closing automatic doors.

51.     At all times relevant, the Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC knew or should have known of the hazardous condition on their property.

52.     The Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC failed to make safe or warn the Plaintiff of the dangerous condition on their property.

EXHIBIT 1

NOT ORIGINAL
DOCUMENT
09/25/2023 02:06:53
PM
88890-57

53.    The Plaintiff being crushed between the doors was a direct and proximate result of the hazardous condition outlined herein.

54.    The Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC were negligent in allowing the hazardous condition to exist at the entryway of the building on their property.

55.    The Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC were negligent in not properly maintaining and/or inspecting and/or servicing the entryways of their property.

56.    As a direct and proximate result of the Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

57.    As a direct and proximate result of the Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

58.    As a direct and proximate result of the Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

59.    As a direct and proximate result of Defendants IRC Newport Pavillion, LLC and/or IRC Newport Pavillion Bondholder, LLC negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

EXH : 000009 of 000012

**EXHIBIT 1**

NOT ORIGINAL

DOCUMENT

09/25/2023 02:06:53

PM

88890-57

## COUNT V

60.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully rewritten herein.

61.     At all relevant times, Defendant Pine Tree Commercial Realty, LLC owned and/or managed the property known as or utilized as the Kroger Marketplace at the address indicated herein.  The maintenance, inspection and safety of the real property is necessarily incident to the ownership of the property.

62.     The Defendant Pine Tree Commercial Realty, LLC opened their property to the public and the means of accessing the property was by a front door leading from the parking lot area.

63.     The Defendant Pine Tree Commercial Realty, LLC installed and/or elected to install a door that would open and close automatically when business invitees would approach and/or exit the building.

64.     On June 28, 2022, Plaintiff Bonnie Schutte was at the Defendant Pine Tree Commercial Realty, LLC's property shopping for groceries.  The Plaintiff was exiting the building when the automatic doors shut on her.

65.     The Plaintiff was crushed in between the closing automatic doors.

66.     At all times relevant, Defendant Pine Tree Commercial Realty, LLC knew or should have known of the hazardous condition on their property.

67.     The Defendant Pine Tree Commercial Realty, LLC failed to make safe or warn the Plaintiff of the dangerous condition on their property.

68.     The Plaintiff being crushed between the doors was a direct and proximate result of the hazardous condition outlined herein.

DOCUMENT

PM

NOT ORIGINAL

09/25/2023 02:06:53

88890-57

69.     The Defendant Pine Tree Commercial Realty, LLC was negligent in allowing the hazardous condition to exist at the entryway of the building on their property.

70.     The Defendant Pine Tree Commercial Realty, LLC was negligent in not properly maintaining and/or inspecting and/or servicing the entryways of their property.

71.     As a direct and proximate result of the Defendant Pine Tree Commercial Realty, LLC's negligence, Plaintiff suffered severe bodily injuries which she reasonably believes to be permanent.

72.     As a direct and proximate result of the Defendant Pine Tree Commercial Realty, LLC's negligence, Plaintiff incurred reasonable and necessary medical expenses in an amount yet to be determined and reasonably expects to incur additional medical expenses in the future.

73.     As a direct and proximate result of the Defendant Pine Tree Commercial Realty, LLC's negligence, Plaintiff experienced severe pain and suffering and reasonable expects to experience additional pain and suffering in the future.

74.     As a direct and proximate result of Defendant Pine Tree Commercial Realty, LLC's negligence, Plaintiff has incurred lost wages in an amount yet to be determined and reasonably believes that she will incur additional lost wages in the future.

**WHEREFORE,** Plaintiff demands judgment in her favor against the Defendants in an amount in excess of any minimum dollar amount necessary to establish the jurisdiction of this Court that will adequately compensate her for the injuries, damages and costs incurred herein including attorney's fees, punitive damages and any such other further relief as this Court deems just and proper.

EXH : 000011 of 000012

NOT ORIGINAL

09/25/2023 02:06:53

88890-57

DOCUMENT

PM

Respectfully submitted,

*SCOTT BEST LAW, PLLC*

/s/ Scott A. Best
Scott A. Best (88844)
73 Cavalier Blvd., Suite 316
Florence, KY 41042
Telephone: 859-970-2378
Facsimile: 859-818-0574
sbest@scottbestlaw.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this action.

/s/ Scott A. Best
SCOTT A. BEST (88844)

## CERTIFICATE OF JURISDICTION

Plaintiff, by and through counsel, hereby certifies her good faith belief that the value of the claims herein exceeds the minimum amount required for this Court to assert jurisdiction in this matter.

/s/ Scott A. Best
SCOTT A. BEST (88844)

EXHIBIT 1

AOC-E-105    Sum Code: CI
Rev. 9-14

DOCUMENT

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

PM

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **23-CI-00463** ~~T ORIGINAL~~
Court:   **CIRCUIT**
County: **CAMPBELL**

~~09/25/2023 02:08:12~~

~~88890-57~~

---

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:  **XYZ COMPANY**
      **130 PAVILLION PARKWAY**
      **NEWPORT, KY 410710000**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                    *Taunya Nolan Jack*

                                    Campbell Circuit Clerk
                                    Date: **9/18/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____    _____
                                              Served By

                                         _____
                                              Title



Page 1 of 1

*e*Filed

**EXHIBIT 1**

DOCUMENT

PM



| | |
|---|---|
| AOC-E-105     Sum Code: CI | Case #: **23-CI-00463** ~~NOT ORIGINAL~~ |
| Rev. 9-14 | Court: **CIRCUIT** |
| Commonwealth of Kentucky | County: **CAMPBELL** |
| Court of Justice    *Courts.ky.gov* | |
| CR 4.02; Cr Official Form 1 | |

~~NOT ORIGINAL~~
09/25/2023 02:08:58

88890-57

# CIVIL SUMMONS

*Plaintiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:    **ALLEGION ACCESS TECHNOLOGIES LLC**

     **11819 NORTH PENNSYLVANIA STREET**

     **CARMEL, IN 46032**

Memo:   Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

     You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **9/18/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____      _____

                                                  Served By

                                   _____

                                                  Title

CI : 000001 of 000001



*e*Filed

**EXHIBIT 1**

DOCUMENT

PM

| | | |
|---|---|---|
| AOC-E-105     Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice     *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **23-CI-00463**<br>Court:    **CIRCUIT**<br>County: **CAMPBELL** |

ORIGINAL

09/25/2023 02:09:35

88890-57

*Plantiff,* **SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL**, *Defendant*

TO:    **CORPORATION SERVICE COMPANY**
       **GOODWIN SQUARE 225 ASYLUM STREET**
       **20TH FLOOR**
       **HARTFORD, CT 06103**

Memo: Related party is ALLEGION ACCESS TECHNOLOGIES LLC

The Commonwealth of Kentucky to Defendant:
**ALLEGION ACCESS TECHNOLOGIES LLC**

     You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **9/18/2023**

---

<div align="center">

**Proof of Service**

</div>

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20 _____         _____
                                                   Served By

                                                           _____
                                                   Title

CI : 000001 of 000001

Summons ID: @00000221524
CIRCUIT: 23-CI-00463 Certified Mail
SCHUTTE, BONNIE VS. KROGER MARKETPLACE ET AL



Page 1 of 1

*e*Filed

<div align="center">

**EXHIBIT 1**

</div>



**Commonwealth of Kentucky**
**Taunya Nolan Jack, Campbell Circuit Clerk**

NOT ORIGINAL

DOCUMENT

11/27/2023 12:27:21 PM

88890-57

| Case #: **23-CI-00463** | Envelope #: **6596105** |
|---|---|
| Received From: **BEST, SCOTT ANTHONY** | Account Of: **BEST, SCOTT ANTHONY** |
| Case Title: **SCHUTTE, BONNIE VS. KROGER MARKETPLA ET AL** | Confirmation Number: **168972930** |
| Filed On **9/18/2023 10:59:31AM** | |

| **#** | **Item Description** | **Amount** |
|---|---|---|
| 1 | Money Collected For Others(Postage) | $51.21 |
| 2 | Charges For Services(Copy - Photocopy) | $6.60 |
| 3 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $127.81 |

EXHIBIT 1



NOT ORIGINAL DOCUMENT

11/27/2023 12:28:05 PM

88890-57

Date Produced: 09/21/2023

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8330 5632 11. Our records indicate that this item was delivered on 09/20/2023 at 09:57 a.m. in NEWPORT, KY 41071. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:     C4472196.26734202

AOS : 000001 of 000001

2

EXHIBIT 1

**UNITED STATES POSTAL SERVICE**

DOCUMENT

PM

NOT ORIGINAL

11/27/2023 12:28:46

88890-57

Date Produced: 09/22/2023

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8330 5632 59. Our records indicate that this item was delivered on 09/21/2023 at 09:40 a.m. in HARTFORD, CT 06103. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:          C4472196.26734201

EXHIBIT 1

**UNITED STATES**
**POSTAL SERVICE**

NOT ORIGINAL
DOCUMENT

11/27/2023 12:29:29
PM

88890-57

Date Produced: 09/22/2023

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8330 5632 28. Our records indicate that this item was delivered on 09/21/2023 at 02:19 p.m. in CARMEL, IN 46032. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:          C4472196.26734205

2

EXHIBIT 1

DOCUMENT

PM

NOT ORIGINAL

11/27/2023 12:30:08

88890-57

**COMMONWEALTH OF KENTUCKY**
**CAMPBELL COUNTY CIRCUIT COURT**
**DIVISION I**
**CASE NO. 23-CI-00463**
**\*\*Electronically Filed\*\***

BONNIE SCHUTTE                                          PLAINTIFF

vs.

KROGER MARKETPLACE, ET AL.                             DEFENDANTS

_____

### ANSWER OF DEFENDANT, KROGER LTD. PARTNERSHIP I, TO THE SECOND AMENDED COMPLAINT OF PLAINTIFF WITH JURY DEMAND

_____

Now comes Defendant, Kroger Ltd. Partnership I, by and through their counsel, and for their Answer to the Second Amended Complaint of Plaintiff, Bonnie Schutte, and states as follows:

### FIRST DEFENSE

1.      Plaintiff's Second Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

2.      Plaintiff's Second Amended Complaint fails to join necessary and/or proper parties pursuant to Rule 19.01 of the Kentucky Rules of Civil Procedure including, but not limited to, subrogated insurers with subrogated claims and/or other entities with assigned claims.

### THIRD DEFENSE

3.       Defendant, Kroger Ltd. Partnership I, denies for want of knowledge the allegations contained in Paragraphs 1, 3, 4, 5, 10, 11, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43 and 44 of Plaintiff's Second Amended Complaint.

ANS : 000001 of 000004

EXHIBIT 1

NOT ORIGINAL
DOCUMENT
11/27/2023 12:30:08
PM
88890-57

4.      Defendant, Kroger Ltd. Partnership I, denies the allegations contained in Paragraphs 2, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19 and 20 of Plaintiff's Second Amended Complaint.

5.      Defendant, Kroger Ltd. Partnership I, admits to the allegations contained in Paragraphs 5, 22 and 23 of Plaintiff's Second Amended Complaint.

6.      Defendant, Kroger Ltd. Partnership I, admits, denies, and denies for want of knowledge, the allegations incorporated by reference in Paragraphs 6, 21, 29 and 37 of Plaintiff's Second Amended Complaint as each and every allegation incorporated by reference in those paragraphs is specifically admitted, denied, or denied for want of knowledge in this Answer.

7.      In response to paragraph 2 of Plaintiff's Second Amended Complaint, Defendant, Kroger Ltd. Partnership I, admits that it owned and/or operated and/or maintained a Kroger Marketplace at the address indicated herein. Defendant, Kroger Ltd. Partnership I, denies that Kroger Marketplace and/or The Kroger Co., owned and/or operated and/or maintained the Kroger Marketplace at the address indicated herein.

**FOURTH DEFENSE**

8.      Plaintiff's alleged injuries and damages, if any, are barred or reduced by her independent acts of negligence, comparative negligence, and/or assumption of the risk.

**FIFTH DEFENSE**

9.      Plaintiff's alleged injuries and damages, if any, directly and proximately resulted from the independent acts of third persons over whom this Defendant exercised no direction or control.

**SIXTH DEFENSE**

10.     Plaintiff's alleged injuries and damages, if any, directly and proximately resulted

2

ANS : 000002 of 000004

EXHIBIT 1

NOT ORIGINAL

11/27/2023 12:30:08

88890-57

DOCUMENT

PM

from independent intervening and/or superseding causes.

### SEVENTH DEFENSE

11.    Plaintiff has failed to mitigate and/or minimize her alleged damages.

### EIGHTH DEFENSE

12.    Plaintiff's Second Amended Complaint fails to comply with CR 9.06 of the

Kentucky Rules of Civil Procedure regarding statement of special damages and, therefore,

should be dismissed.

### NINTH DEFENSE

13.    Defendant, Kroger Ltd. Partnership I, did not owe any alleged duty to Plaintiff.

### TENTH DEFENSE

14.    Defendant, Kroger Ltd. Partnership I, did not breach any alleged duty owed to

Plaintiff.

### ELEVENTH DEFENSE

15.    Plaintiff's claims are barred by the applicable statute of limitations.

### JURY DEMAND

Defendant, Kroger Ltd. Partnership I, hereby demands a jury on all issues so triable.

**WHEREFORE**, having fully answered Plaintiff's Second Amended Complaint,

Defendant, Kroger Ltd. Partnership I, demands that Plaintiff's Second Amended Complaint be

dismissed at Plaintiff's cost and that Plaintiff take nothing hereby.

Respectfully submitted,

/s/ Charles L. Hinegardner

_____
Charles L. Hinegardner, Esq. (88053)
Barron Peck Bennie & Schlemmer
3074 Madison Road
Cincinnati, Ohio  45209

3

EXHIBIT 1

ANS : 000003 of 000004

NOT ORIGINAL
DOCUMENT
11/27/2023 12:30:08
PM
88890-57

(513)721-1350
(513)721-8311 Facsimile
CLH@BPBSlaw.com
*Attorney for Defendant, Kroger Ltd. Partnership I*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served via ordinary U.S. Mail this 26th day of September, 2023:

Scott A. Best, Esq.
73 Cavalier Blvd, Suite 316
Florence, Kentucky 41042
scott@best-law.org
*Attorney for Plaintiff, Bonnie Schutte*

Stanley Access Technologies, LLC
65 Scott Swamp Road
Farmington, CT 06032
*Defendant*

Allegion Access Technologies, LLC
11819 North Pennsylvania Street
Carmel, IN 46032
        Please Serve:
Corporation Service Company
Goodwin Square 225 Asylum Street, 20th Floor
Hartford, CT 06103

/s/ Charles L. Hinegardner
_____
Charles L. Hinegardner
*Attorney for Defendant, Kroger Ltd. Partnership I*

ANS : 000004 of 000004



**Commonwealth of Kentucky**
**Taunya Nolan Jack, Campbell Circuit Clerk**

NOT ORIGINAL
11/27/2023 12:30:40 PM
DOCUMENT

| | |
|---|---|
| **Case #:** 23-CI-00463 | **Envelope #:** 6644796 |
| **Received From:** HINEGARDNER, CHARLES L. | **Account Of:** HINEGARDNER, CHARLES L. |
| **Case Title:** SCHUTTE, BONNIE VS. KROGER MARKETPLA ET AL | **Confirmation Number:** 169423429 |
| **Filed On** 9/26/2023  4:12:41PM | 88890-57 |

| # | Item Description | Amount |
|---|---|---|
| 1 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $70.00 |

EXHIBIT 1

BONNIE SCHUTTE                                              PLAINTIFF

vs.

KROGER MARKETPLACE, ET AL.                                 DEFENDANTS

_____

**PLAINTIFF'S RESPONDES TO DEFENDANTS, KROGER MARKETPLACE, THE KROGER CO. AND KROGER LTD. PARTNERSHIP I'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

_____

## DOCUMENT REQUESTS

1.      All documents, including but not limited to, medical and hospital records, which pertain, refer, or relate in any way to each hospital in which Plaintiff was confined as an inpatient or treated as an outpatient for any complaint or condition which Plaintiff claims to be related in any way to the incident which is the subject of the Complaint.

**ANSWER:**

**Please see attached.**


2.      All documents, including but not limited to, written reports, statements, or opinion letters which pertain, refer, or relate in any way to each physician or practitioner of any healing art who has seen or treated Plaintiff for any physical or mental condition whatever.

**ANSWER:**

**Please see the records in the Plaintiff's possession.**

**EXHIBIT 1**

3.      All documents, including but not limited to, reports, notes, field sketches, diagrams, correspondence, or photographs that pertain, refer, or relate in any way to any expert that Plaintiff has identified.

**ANSWER:**

**The Plaintiff does not possess the requested information.**

4.      All documents, including but not limited to, bills or correspondence which pertain, refer, or relate in any way to Plaintiff's medical expenses related in any way to the incident which is the subject of the Complaint.

**ANSWER:**

**Please see attached.**

5.      Plaintiff's personal income tax returns, including W2s, for the past five years.

**ANSWER:**

**The Plaintiff is not making a wage loss claim.**

6.      All documents, including but not limited to, bills or correspondence which pertain, refer, or relate in any way to economic loss or extra expenses incurred by Plaintiff as a result of the incident which is the subject of the Complaint.

**ANSWER:**

**Please see attached.**

7.     All documents, including but not limited to, invoices or correspondence which pertain, refer, or relate in any way to Plaintiff's alleged loss of income.

**ANSWER:**

**N/A**


8.     All documents, including but not limited to, correspondence, drawings or contracts which pertain, refer, or relate in any way to any liability claims of Plaintiff as a result of the incident which is the subject of the Complaint.

**ANSWER:**

**The Plaintiff does not possess the requested information.**


9.     All documents not previously referred to in this Request for Production of Documents which pertain, refer, or relate to Plaintiff's claim for damages.

**ANSWER:**

**Please see the records in the Plaintiff's possession.**


10.     All documents, including but not limited to, statements, notes, or oral statements reduced to writing made by Defendant.

**ANSWER:**

**N/A**


11.     All other documents, including but not limited to, bills or invoices that pertain, refer, or relate in any way to any of the allegations in the Complaint.

**ANSWER:**

**Please see the records in the Plaintiff's possession.**


12.     All photographs, slides, videotapes, audiotapes, motion picture films, drawings or illustrations that depict, illustrate, or describe in any way Plaintiff's injuries, the incident scene, or the physical objects involved in the incident, or that pertain, refer, or relate in any way to any of the allegations in the Complaint.

**ANSWER:**

**N/A**


13.     All documents, exhibits, demonstrative exhibits, or photographs that Plaintiff intends to introduce at trial on the merits or use for any other purpose at trial, including but not limited to refreshing of the recollection of any witness or the impeaching of any witness.

**ANSWER:**

**Please see the records in the Plaintiff's possession.**


14.     All documents, including but not limited to, invoices, correspondence, subrogation receipts, proofs of loss, trust agreements, liens, contracts, or med pay documentation, that pertain, refer, or relate in any way to any payments that Plaintiff has received or may be entitled to receive from any insurer, other company, person, or governmental entity.

**ANSWER:**

**Please see the records in the Plaintiff's possession.**

15.     Please specifically list, including author, date, and subject matter, all writings which Plaintiff is not producing pursuant to this Request for Production of Documents on grounds of privilege or work product.

**ANSWER:**

**N/A**


16.     Please produce all documents regarding any claim you have made for social security disability benefits.

**ANSWER:**

**The Plaintiff does not possess the requested information.**

Respectfully submitted,

/s/ Scott A. Best

_____
Scott A. Best, Esq. (88844)
*SCOTT BEST LAW, PLLC*
73 Cavalier Blvd., Suite 316
Florence, KY 41091
(859) 970-2378
(859) 818-0574 Facsimile
sbest@scottbestlaw.comn
*Attorney for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing has been served via ordinary U.S. Mail and/or Electronic Mail this 4th day of October, 2023:

Charles L. Hinegardner, Esq. (88053)
Barron Peck Bennie & Schlemmer
3074 Madison Road
Cincinnati, Ohio  45209
(513)721-1350
(513)721-8311 Facsimile

CLH@BPBSlaw.com
*Attorney for Defendants, Kroger Marketplace,*
*The Kroger Co. and Kroger Ltd. Partnership I*

BONNIE SCHUTTE                                                    PLAINTIFF

vs.

KROGER MARKETPLACE, ET AL.                            DEFENDANTS

_____

### PLAINTIFF'S RESPONSES TO DEFENDANTS, KROGER MARKETPLACE, THE KROGER CO. AND KROGER LTD. PARTNERSHIP I'S, FIRST SET OF INTERROGATORIES
_____

Now come Plaintiff, by and through their counsel, and hereby responds to Defendants discovery requests.


## <u>INTERROGATORIES</u>


1.      What is the current full name, address, social security number, and date of birth of the person answering these interrogatories, and, if applicable, any prior names (maiden, married, etc.) used by or by which the answerer has been known?

ANSWER:

**Bonnie Sue Schutte**
**DOB:** ████████
**SS#:** ████████
**Hambrick (maiden)**


2.      What is the name, address, and telephone number of each witness to any part of the incident described in the Complaint and relationship of each such witness to you?

ANSWER:

**N/A**

3.      What expert witness or witnesses, including name, address, telephone number, specialty or field of expertise, and subject matter of expected testimony for each person identified, do you expect or intend to call at the time of trial?

ANSWER:

**At this time, the Plaintiff has not chosen expert witnesses for the trial of this matter.  The Plaintiff anticipates calling her treating physicians to testify as to her injuries, treatment, cost of care and prognosis.**

**This will be supplemented**.

(a)      What are or will be the opinions of each expert listed?

ANSWER:

**This will be supplemented**.

(b)      What are the bases of each opinion?

ANSWER:

**This will be supplemented.**

(c)      What are the facts or data underlying each opinion?

ANSWER:

**This will be supplemented.**

4.      What are the date and verbatim contents of each statement you, your attorney, or anyone else acting in your behalf possesses or controls that Defendant made, either oral or written, before any person whomsoever, which relates to the incident described in the Complaint?

ANSWER:

**A Kroger employee responded to the Plaintiff on the date of the injury. The Plaintiff advised the individual what had happened. The Plaintiff advised that there was a lady who saw the incident and asked whether the Plaintiff should look for her in the store. The Kroger employee responded that it was not necessary to find the witness as the incident was recorded.**

**This may be supplemented.**

5.      What photographs, including number of photographs, date taken, and by whom taken, do you, your attorney, or anyone acting on your behalf, have of the scene or area of the incident, of you in your injured state, or of any vehicles or other objects involved in the incident described in the Complaint?

ANSWER:

**N/A**

6.      What other incidents, falls, or accidents (car or otherwise), including date and injuries received, have you been involved in before and after the incident described in the Complaint?

ANSWER:

**Objection. This Interrogatory is overly broad in that it does not place time parameters on this request.**

_____
**Scott A. Best**

**Without waiving said objection, the Plaintiff recalls the following:**

**-In November of 2017 the Plaintiff fell while working. The Plaintiff suffered a head injury.**

**-In the summer of 2014 the Plaintiff suffered a back injury while at work.**

**-Approximately 30 years ago the Plaintiff fell and suffered a knee injury.**

**-In April 2020 the Plaintiff fell while visiting Virginia. She suffered a broken leg and hip.**

**-Approximately 25-28 years ago the Plaintiff was involved in a motor vehicle crash. The Plaintiff suffered a cut to her head.**

7.     In what other lawsuits, including court, case number, nature of the claims, and whether you were or are a plaintiff or defendant, have you been a party before and after the incident described in the Complaint?

ANSWER:

**Bonnie Schutte vs. Bethesda, Inc.**
**A 1805441**
**BWC matter for the 2017 fall at work**

**The Plaintiff believes she also filed a workers' compensation claim for the back injury of 2014. However, she does not have any of the related information.**

**The Plaintiff believes she filed a claim for the car wreck mentioned previously. She is not sure if there was a formal suit filed or claim presentation. There is a Boone Circuit Court case from 1988 (88-CI-00751) but the Plaintiff cannot confirm if this was related to the auto crash.**

**This may be supplemented.**

8.     What is the name, office address and specialty, if any, of each physician or practitioner of any healing art who has seen or treated you for any physical or mental complaint or condition which you claim to be related in any way to the incident which is described in the Complaint?

ANSWER:

**Mark Schneider, M.D.**
**(shoulder)**
**Christ Hospital**
**2139 Auburn Avenue**
**Cincinnati, OH 45219**

**Ryan Seal, M.D.**
**(spine)**

**Christ Hospital**
**2139 Auburn Avenue**
**Cincinnati, OH 45219**

**Donald Carruthers, M.D.**
**Amanda Berno, PA**
**Mayfield**
**3825 Edwards Road**
**Cincinnati, OH 45209**

**Mayfield Clinic**
**3825 Edwards Road**
**Cincinnati, OH 45209**
**Physical therapy**

**This may be supplemented.**

9.  What were the dates on which you were seen or treated by each person listed in Interrogatory No. 8; what complaints or conditions did that person see or treat; and what were the costs for all treatments or visits?

ANSWER:

**The Plaintiff cannot recall dates of services for each of the listed providers.  Please see the attached medical records/billing statements.**

**This may be supplemented.**

10.  What is the name and address of each hospital in which you have been seen, treated or admitted, whether as an inpatient or outpatient, for any complaint or condition which you claim to be related in any way to the incident which is described in the Complaint?

ANSWER:

**See above.**

11.	What were the dates on which you were seen, treated, or admitted at each hospital listed in Interrogatory No. 10, indicating whether such treatment was on an inpatient or outpatient basis, and what were the total costs or expenses for each visit and/or treatment?

ANSWER:

**See attached.**

12.	What is the name, office address and specialty, if any, of each physician or practitioner of any healing art who has seen or treated you for any physical or mental complaint or condition whatsoever since the date of the incident described in the Complaint other than those physicians or practitioners identified in your answer to Interrogatory No. 8?

ANSWER:

**N/A**

13.	What are the dates on which you were seen or treated by each person listed in Interrogatory No. 12 and the complaints and conditions for which you were seen on each date?

ANSWER:

**N/A**

14.	What is the name and address of each hospital in which you have been seen, treated, or admitted as a patient, whether as an inpatient or outpatient, for any reason whatsoever, since the date of the incident described in the Complaint, other than those hospitals identified in your answer to Interrogatory No. 10?

ANSWER:

**See Interrogatory #8.**

15.    What were the dates on which you were seen, treated, or admitted for each hospital listed in Interrogatory No. 14, stating whether you were an inpatient or an outpatient, and what were the complaints and conditions for which you were seen, treated, or admitted on each date?

ANSWER:

**Please see the attached medical records/billing.**

16.    What is the name, office address and specialty, if any, of each physician or practitioner of any healing art who has seen or treated you for any physical or mental complaint or condition whatsoever for the ten years before the incident described in your Complaint?

ANSWER:

**Daniel Silvestri, M.D.**
**3805 Edwards Road**
**Suite 300**
**Cincinnati, OH 45209**
**General health care**

**Jennifer Cafardi, M.D.**
**2123 Auburn Avenue**
**Cincinnati, OH 45219**
**Dermatology**

**Inova Loudoun Hospital**
**44045 Riverside Parkway**
**Leesburg, VA 20176**
**Fall in Virginia**
**2020**

**Mark Schneider, M.D.**
**Shoulder surgery**
**Christ Hospital**
**2139 Auburn Avenue**
**Cincinnati, OH 45219**
**Approximately 2014/2015**

**Dale Horn, M.D.**
**Spine surgery**
**Bethesda Hospital**
**10500 Montgomery Road**
**Cincinnati, OH 45242**
**2014**

**Dirk Pruis, M.D.**
**Bethesda Hospital**
**10500 Montgomery Road**
**Cincinnati, OH 45242**
**Knee replacement surgeries.**
**2008**

**This may be supplemented.**

17.     What are the dates on which you were seen or treated by each person listed in Interrogatory No. 16 and the complaints and conditions for which you were seen on each date?

ANSWER:

**The Plaintiff cannot recall specific dates of treatment for the listed providers.**

**This may be supplemented.**

18.     What is the name and address of each hospital in which you have been seen, treated, or admitted as a patient, whether as an inpatient or outpatient for any reason whatsoever, for the ten years before the incident described in the Complaint?

ANSWER:

**Please see Interrogatory #16.**

19.     What were the dates on which you were seen, treated, or admitted at each hospital listed in Interrogatory No. 18, stating whether you were an inpatient or an outpatient, and what were the complaints and conditions for which you were seen, treated, or admitted on each date?

ANSWER:

**Please see Interrogatory #16.**

20.    If you are making a lost wage claim or claim for lost income, profit or compensation, please state the name and address of your employer, the dates and hours of work missed and the amount of lost wages claimed.

ANSWER:

**N/A**

21.    Please state the amount claimed by you in this action for each separate element of unliquidated damages, including but not limited to:

        a.    Past medical expenses;

        b.    Future medical expenses;

        c.    Past pain and suffering;

        d.    Future pain and suffering;

        e.    Lost wages, and

        f.    Impairment of your ability to earn money in the future, all in accordance with C.R. 8.01(2).

    ANSWER:

        **a.  $75,000.00**

        **b.  $100,000.00**

        **c.  $75,000.00**

        **d.  $75,000.00**

        **e.  N/A**

        **f.  N/A**

    TOTAL:      **$325,000.00**

22. Please provide the factual basis for your claim that you have suffered a loss of capacity to enjoy life including, without limitation, the reasons why such loss will allegedly continue into the future.

ANSWER:

**The Plaintiff suffered serious injuries that are ongoing. She has been limited in what she can do since this happened to her. She has had to nearly constant medical care and follow-up appointments. All of the injuries have impacted her life and her routine.**

**This may be supplemented.**

23. List all injuries you are claiming as a result of the incident identified in the Complaint, and state for each whether or not it is permanent.

ANSWER:

**The Plaintiff suffered injuries to the following:**

> **-Right shoulder contusion/injury;**
> **-Neck injury;**
> **-Low back injury.**

**The Plaintiff believes these injuries are permanent.**

**This may be supplemented.**

24. With regard to the injuries listed in Interrogatory 23 above, state whether you ever had any such injury or condition at any time before the incident described in the Complaint.

ANSWER:

**The Plaintiff had suffered a right shoulder injury that required surgery.**

**This may be supplemented.**

25. What payments, including but not limited to workers' compensation, social security, wages continuation, or health or accident insurance payments, have you received or might

you receive, including date and amount or amounts paid or expected to be paid, as a result of the incident from any insurer, other company, person or governmental entity for any medical expense, hospital expense, vehicle repair, replacement expense, or any other expense whatsoever?

ANSWER:

**The Plaintiff is covered by Medicare and supplemental coverage by Aetna.**

**See attached.**

(a)  For each payment listed which ones are subject to rights of recoupment through subrogation, trust agreement, contract, lien, or otherwise, and separately?

ANSWER:

**The insurance providers retain a right of subrogation to any/all recovery.**

26.  What claims, including type of claim, claim number, and medical or physical condition causing such claim, have you made at any time for any of the following:  1) health or accident benefits; 2) workers' compensation benefits; 3) unemployment compensation benefits; 4) social security benefits; or 5) physical injury of any kind?

ANSWER:

**The Plaintiff submitted her medical treatment/expense to her health insurance providers. Please see the attached medical billing information**.

27.  Have you ever complained of, been diagnosed with or been treated for arthritis, or other systemic diseases, whether before or after the incident described in the Complaint, and what is the name of the medical professional involved?

ANSWER:

**The Plaintiff was diagnosed with arthritis in her knees.**

(a)     If so, what is the diagnosis, the date on which it was first diagnosed, the problems and symptoms you experienced from it and each physician who treated you, along with the dates of such treatment?

ANSWER:

**To the best of Plaintiff's recollection, her first diagnosis with any degenerative changes were related to her knees dating back to 2008.**

28.     Please state any and all criminal convictions you have ever had listing the date, the name and address of the Court in which the criminal conviction occurred, the description by statutory section or ordinance of the criminal charge made against you, the name and address of any attorney retained by you with regard to each criminal conviction, and the time spent in jail or prison for each criminal conviction, including the dates of the time served as well as the name and address of the penal institution.

ANSWER:

**N/A**

29.     Please state the names and addresses of all witnesses you intend to call at the trial of this matter along with a description of the subject matter of their testimony.

ANSWER:

**At this time the Plaintiff has not chosen who will testify during the trial of this action. This will be supplemented.**

30. Did you consume any alcohol, drug or prescription medicine within the 24-hour period before the incident described in the Complaint?

ANSWER:

**The Plaintiff had taken tramadol, amlopidine (blood pressure) and atorvastin in the time period outlined.**

**This may be supplemented.**

     (a) If so, what is the amounted ingested, the name of each drug or prescription medicine, the physician prescribing it and the date you started taking it?

     ANSWER:

| | | |
|---|---|---|
| **Tramadol** | **(10 mg)** | **Approximately 2008** |
| **Amlopidine** | **(10 mg)** | **Approximately 2006** |
| **Atorvastin** | **(20 mg.)** | **Approximately 2018** |

**Daniel Silvestri, M.D.**

31. Please list all documentary evidence and/or exhibits which you intend, contemplate, or expect entering into evidence, refreshing a witness's recollection, or being identified at the trial of this matter.

ANSWER:

**At this time, the Plaintiff has not chosen evidence and/or exhibits that will be used during the trial of this matter. The Plaintiff anticipates using her medical records and billing statements. The Plaintiff also intends on using the video of the incident.**

**This will be supplemented.**

<div align="right">

Respectfully submitted,

/s/ Scott A. Best

_____

Scott A. Best, Esq. (88844)
***SCOTT BEST LAW, PLLC***
73 Cavalier Blvd., Suite 316
Florence, KY 41091
(859) 970-2378
(859) 818-0574 Facsimile
sbest@scottbestlaw.comn
***Attorney for Plaintiff***

</div>

<div align="center">

**<u>CERTIFICATE OF SERVICE</u>**

</div>

I hereby certify that a true and correct copy of the foregoing has been served via ordinary U.S. Mail and/or Electronic Mail this 4th day of October 2023:

Charles L. Hinegardner, Esq. (88053)
Barron Peck Bennie & Schlemmer
3074 Madison Road
Cincinnati, Ohio  45209
(513)721-1350
(513)721-8311 Facsimile
CLH@BPBSlaw.com
***Attorney for Defendants, Kroger Marketplace,***
***The Kroger Co. and Kroger Ltd. Partnership I***

DOCUMENT

PM

NOT ORIGINAL

11/27/2023 12:31:03

88890-57

COMMONWEALTH OF KENTUCKY
CAMPBELL CIRCUIT COURT
DIVISION 1
CIVIL ACTION NO. 23-CI-00463

***Electronically Filed***

BONNIE SCHUTTE                                                           PLAINTIFF

vs.          **ANSWER OF DEFENDANTS,**
**STANLEY ACCESS TECHNOLOGIES LLC AND**
**ALLEGION ACCESS TECHNOLOGIES LLC**
**TO SECOND AMENDED COMPLAINT**

LE CENTRE ON FOURTH, LLC
D/B/A EMBASSY SUITES BY HILTON
DOWNTOWN LOUISVILLE, et al.                                    DEFENDANTS

\*\* \*\* \*\* \*\* \*\* \*\*

Come the defendants, Stanley Access Technologies LLC and Allegion Access Technologies LLC (collectively referred to as "AAT")[1], by counsel, and, for their answer to the plaintiff's complaint herein, states as follows:

### FIRST DEFENSE

1.      The second amended complaint fails to state a claim against AAT upon which relief may be granted.

### SECOND DEFENSE

2.      AAT is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 1 and 2 of the second amended complaint and, therefore, denies same.

---

[1] Stanley Access Technologies LLC and Allegion Access Technologies LLC are the same entity and are not different entities. On October 18, 2022, AAT filed an Amended Certificate of Authority with the Kentucky Secretary of State reflecting the name change from Stanley Access Technologies LLC to Allegion Access Technologies LLC.

ANS : 000001 of 000007

**EXHIBIT 1**

NOT ORIGINAL

DOCUMENT

11/27/2023 12:31:03

PM

88890-57

3.    AAT denies the allegations contained in paragraph 3 of the second amended complaint.

4.    In response to paragraph 4 of the second amended complaint, AAT admits that it is a business entity with an address of 11819 North Pennsylvania Street, Carmel, Indiana; otherwise, AAT denies the allegations contained in paragraph 4 of the second amended complaint.

5.    AAT is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 of the second amended complaint and, therefore, denies same.

6.    In response to paragraph 6 of the complaint, AAT reiterates and adopts each and every defense and affirmative defense set forth above and below to paragraphs 1 through 5 of the second amended complaint, the same as if set forth fully herein.

7.    AAT is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 of the second amended complaint and, therefore, denies same.

8.    In response to paragraph 21 of the second amended complaint, AAT reiterates and adopts each and every defense and affirmative defense set forth above and below to paragraphs 1 through 20 of the second amended complaint, the same as if set forth fully herein.

9.    AAT denies the allegations contained in paragraphs 22, 23, 24, 25, 26, 27 and 28 of the second amended complaint.

10.    In response to paragraph 29 of the second amended complaint, AAT reiterates and adopts each and every defense and affirmative defense set forth above

ANS : 000002 of 000007

NOT ORIGINAL
DOCUMENT
11/27/2023 12:31:03
PM
88890-57

and below to paragraphs 1 through 28 of the second amended complaint, the same as if set forth fully herein.

11.     AAT denies the allegations contained in paragraphs 30, 31, 32, 33, 34, 35 and 36 of the second amended complaint.

12.     In response to paragraph 37 of the second amended complaint, AAT reiterates and adopts each and every defense and affirmative defense set forth above and below to paragraphs 1 through 28 of the second amended complaint, the same as if set forth fully herein.

13.     AAT is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 38, 39, 40, 41, 42, 43, and 44 of the second amended complaint and, therefore, denies same.

14.     Any allegation contained in the complaint as amended which is not expressly admitted herein is denied.

## THIRD DEFENSE

15.     The plaintiff's claims against AAT are barred, in whole or in part, by her failure to exercise ordinary care for her own safety, said failure being a substantial factor in causing the injuries and damages of which she complains, if any there be.

## FOURTH DEFENSE

16.     The plaintiff's claims against AAT are barred, in whole or in part, to the extent said claims are not pursued by the real party in interest.

## FIFTH DEFENSE

17.     The plaintiff's claims against AAT are barred, in whole or in part, by the operation of an intervening and/or superseding cause.

NOT ORIGINAL

DOCUMENT

11/27/2023 12:31:03

PM

88890-57

## SIXTH DEFENSE

18.    The plaintiff's claims against AAT are barred, in whole or in part, by the acts or omissions of other parties or non-parties over whom AAT exercised no control.

## SEVENTH DEFENSE

19.    Should it be determined that a product manufactured or assembled by AAT is at issue in this matter, AAT states that, at all times during the conduct of its relevant operations, AAT used proper methods in manufacturing its products in conformity with the available knowledge and research of the scientific and industrial communities and AAT relies upon compliance with the "state of the art" as a complete defense to the claims asserted against it herein.

## EIGHTH DEFENSE

20.    The plaintiff's claims against AAT are barred, in whole or in part, by the provisions of the Kentucky Products Liability Act, KRS 411.300, et seq.

## NINTH DEFENSE

21.    The plaintiff's claims against AAT are barred, in whole or in part, to the extent the subject product may have been misused or modified in such a manner as to bar the complaint herein pursuant to KRS 411.320.

## TENTH DEFENSE

22.    The plaintiff's claims against AAT are barred, in whole or in part, by the operation of  KRS 411.310.

## ELEVENTH DEFENSE

23.    The plaintiff's claims against AAT are barred, in whole or in part, by the operation of section 402A of the Restatement Second of Torts and, as such, the complaint as amended fails to state a cause of action and strict liability against AAT.

ANS : 000004 of 000007

DOCUMENT

PM

NOT ORIGINAL

11/27/2023 12:31:03

88890-57

### TWELFTH DEFENSE

24.     The plaintiff's claims against AAT are barred, in whole or in part, by the operation of KRS 411.182.

### THIRTEENTH DEFENSE

25.     The plaintiff's claims against AAT are barred, in whole or in part, by the fact that at the time and upon the occasion complained of by the plaintiff, the product described in the complaint may not have been in its original, unaltered and unmodified condition, that unauthorized alterations and modifications, including a failure to observe routine care, may have been made to said product, and that said unauthorized alterations and modifications may have been a substantial factor in causing the injuries and damages of which the plaintiff complains, if any there be.

### FOURTEENTH DEFENSE

26.     The plaintiff's claims against AAT are barred, in whole or in part, by the fact that the subject product was not designed and/or manufactured in a defective manner.

### FIFTEENTH DEFENSE

27.     The plaintiff's claims against AAT for punitive damages are barred, in whole or in part, by the provisions of KRS 411.184, as well as the applicable provisions of the United States Constitution and the Kentucky Constitution regarding due process of law and the imposition of excessive fines.

### SIXTEENTH DEFENSE

28.     AAT denies that it owed a duty of care to the plaintiff and further asserts lack of foreseeability as a defense to the plaintiff's claims.

ANS : 000005 of 000007

EXHIBIT 1

NOT ORIGINAL

11/27/2023 12:31:03

DOCUMENT

88890-57

PM

### SEVENTEENTH DEFENSE

29.     The plaintiff's claims against AAT are barred, in whole or in part, by laches, estoppel, and/or waiver.

### EIGHTEENTH DEFENSE

30.     The plaintiff's claims are barred, in whole or in part, by the operation of KRS 367.170, et seq.

WHEREFORE, the defendants, Stanley Access Technologies LLC and Allegion Access Technologies LLC, demand that the second amended complaint against them be dismissed with prejudice, a trial by jury of all issues so triable, their costs herein expended, and all other and proper relief to which they may be entitled.

Respectfully submitted,

STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507
(859) 231-3000

By:   /s/ Palmer G. Vance II
      Palmer G. Vance II
      Gene.Vance@skofirm.com
      Lilian M. Williams
      Lilian.williams@skofirm.com

COUNSEL FOR DEFENDANTS
STANLEY ACCESS TECHNOLOGIES LLC
AND
ALLEGION ACCESS TECHNOLOGIES LLC

ANS : 000006 of 000007

NOT ORIGINAL

DOCUMENT

11/27/2023 12:31:03

PM

88890-57

## CERTIFICATE OF SERVICE

This is to certify that a true and complete copy of the foregoing answer was served, via the Court's Electronic Service System and by U. S. Mail, this the 11th day of October 2023, upon the following:

Scott A. Best
SCOTT BEST LAW, PLLC
73 Cavalier Blvd., Suite 316
Florence, KY  41042
sbest@scottbestlaw.com
COUNSEL FOR PLAINTIFF

Charles L. Hinegardner
BARRON PECK BENNIE & SCHLEMMER
3074 Madison Road
Cincinnati, OH 45209
CLH@BPBSlaw.com
COUNSEL FOR DEFENDANT,
KROGER LTD. PARTNERSHIP I

/s/ Palmer G. Vance II
COUNSEL FOR DEFENDANTS,
STANLEY ACCESS TECHNOLOGIES LLC
AND
ALLEGION ACCESS TECHNOLOGIES LLC

NOT ORIGINAL
DOCUMENT
11/27/2023 12:31:46
PM
88890-57

COMMONWEALTH OF KENTUCKY
CAMPBELL CIRCUIT COURT
DIVISION 1
CIVIL ACTION NO. 23-CI-00463

*Electronically Filed*

BONNIE SCHUTTE                                                                    PLAINTIFF

v.          **NOTICE OF SERVICE OF DISCOVERY REQUESTS**

KROGER LIMITED PARTNERSHIP I
STANLEY ACCESS TECHNOLOGIES LLC
ALLEGION ACCESS TECHNOLOGIES LLC, et al.                      DEFENDANTS

\* \* \* \* \* \* \*

PLEASE TAKE NOTICE that on this 11th day of October, 2023, Defendant, Allegion Access Technologies LLC ("AAT"), by counsel, served the following discovery request upon counsel for the plaintiff, Bonnie Schutte:

1.      First Set of Requests for Production of Documents to Plaintiff, Bonnie Schutte, from Defendant, Allegion Access Technologies LLC;

2.      First Set of Interrogatories to Plaintiff, Bonnie Schutte, from Defendant, Allegion Access Technologies LLC.

**EXHIBIT 1**

NOT ORIGINAL

DOCUMENT

11/27/2023 12:31:46

PM

88890-57

Respectfully submitted,

STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380
(859) 231-3000
(859) 253-1093 facsimile

By:  /s/ Palmer G. Vance II
     Palmer G. Vance II
     gene.vance@skofirm.com
     Lilian M. Williams
     lilian.williams@skofirm.com

COUNSEL FOR DEFENDANT,
ALLEGION ACCESS TECHNOLOGIES LLC

EXHIBIT 1

NOT ORIGINAL

DOCUMENT

11/27/2023 12:31:46

PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served via electronic mail and by United States Mail, postage prepaid, on this 11th day of October, 2023 to the following:

Scott A. Best
SCOTT BEST LAW, PLLC
73 Cavalier Blvd., Suite 316
Florence, KY  41042
sbest@scottbestlaw.com
COUNSEL FOR PLAINTIFF

Charles L. Hinegardner
BARRON PECK BENNIE & SCHLEMMER
3074 Madison Road
Cincinnati, OH 45209
CLH@BPBSlaw.com
COUNSEL FOR DEFENDANT,
KROGER LTD. PARTNERSHIP I


By:     /s/ Palmer G. Vance II
        COUNSEL FOR DEFENDANT

EXHIBIT 1

COMMONWEALTH OF KENTUCKY
CAMPBELL CIRCUIT COURT
DIVISION 1
CIVIL ACTION NO. 23-CI-00463

BONNIE SCHUTTE                                                    PLAINTIFF

v.          **FIRST SET OF INTERROGATORIES TO PLAINTIFF,**
            **BONNE SCHUTTE, FROM DEFENDANT,**
            **ALLEGION ACCESS TECHNOLOGIES LLC**

KROGER LIMITED PARTNERSHIP I
STANLEY ACCESS TECHNOLOGIES LLC
ALLEGION ACCESS TECHNOLOGIES LLC, et al.              DEFENDANTS

* * * * * * *

Comes the defendant, Allegion Access Technologies LLC ("AAT"), by counsel, and pursuant to Kentucky Rule of Civil Procedure 33, propounds the following interrogatories to the plaintiff, Bonnie Schutte ("Plaintiff"), to be answered under oath within thirty (30) days:

1.      State the name and address of each person who has direct and relevant knowledge of the subject matter of this case.

2.      State the name and address of each person whom you or your counsel expect to call as an expert witness (including, but not limited to, medical experts) at trial (either in person or by deposition).  As to each person, state the following:

(a)     The subject matter to which she is expected to testify;

(b)     The facts and opinions to which she is expected to testify; and

(c)     A summary of the grounds for each such opinion.

EXHIBIT 1

3.	State the name and address of each person whom you or your counsel expect to call as a lay witness at trial.  As to each such person, state the subject matter upon which the witness is expected to testify.

4.	Identify any and all exhibits, including demonstrative exhibits, which you or your counsel expect to introduce at the trial of this matter.

5.	Describe in detail each injury which you alleged you received as a result of the subject incident.

6.	Have you been examined or treated at any hospital for any reason within the past ten (10) years?  (Your answer shall include inpatient and outpatient services and emergency room visits.)  If so, state the following:

(a)	The name and address of the hospital;

(b)	The date(s) when you were examined or treated there; and

(c)	The reason(s) for examination or treatment.

7.	Before the subject incident, did you ever require medical treatment for any injury, illness, or condition involving any part of your body which was allegedly injured in the subject incident?  If so, state the following:

(a)	The name and address of the doctor or hospital that treated you;

(b)	The date(s) or treatment; and

(c)	The reason(s) for treatment.

8.	State the name and address of each doctor or other medical or heath care provider of any kind who has examined or treated you for any reason whatsoever since the subject incident and, as to each, state the following:

(a)	The date(s) of examination or treatment; and

EXHIBIT 1

(b)     The reason(s) for examination or treatment.

9.     State the name and address of each medical facility where you have been examined or treated (either inpatient, outpatient, or in an emergency room) for any reason whatsoever since the subject incident and, as to each, state the following:

(a)     The date(s) of examination or treatment; and

(b)     The reason(s) for examination or treatment.

10.     Please state the following:

(a)     Your full name (first, middle, and last);

(b)     Your date of birth;

(c)     Your complete Social Security number;

(d)     Where you are or have ever been a Medicare recipient. If so, please provide your Medicare Health Insurance Claim Number;

(e)     Whether you are currently receiving, have applied for, or are eligible for Social Security Disability (SSI) payments; and

(f)     All addresses at which you have resided during the past ten (10) years.

11.     State the amount, if any, which you are claiming for each of the following:

(a)     Past medical expenses;

(b)     Future medical expenses;

(c)     Pain and suffering;

(d)     Lost wages;

(e)     Property damage;

(f)     Increased risk of future injury; and

EXHIBIT 1

(g)     Impairment of the power to labor and earn money.


Respectfully submitted,

STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380
(859) 231-3000
(859) 253-1093 facsimile

By: /s/ Palmer G. Vance II
      Palmer G. Vance II
      gene.vance@skofirm.com
      Lilian M. Williams
      lilian.williams@skofirm.com

COUNSEL FOR DEFENDANT,
ALLEGION ACCESS TECHNOLOGIES LLC

EXHIBIT 1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served via electronic mail and by United States Mail, postage prepaid, on this 11th day of October, 2023 to the following:

Scott A. Best
SCOTT BEST LAW, PLLC
73 Cavalier Blvd., Suite 316
Florence, KY 41042
sbest@scottbestlaw.com
COUNSEL FOR PLAINTIFF

Charles L. Hinegardner
BARRON PECK BENNIE & SCHLEMMER
3074 Madison Road
Cincinnati, OH 45209
CLH@BPBSlaw.com
COUNSEL FOR DEFENDANT,
KROGER LTD. PARTNERSHIP I

By:     /s/ Palmer G. Vance II
        COUNSEL FOR DEFENDANT

EXHIBIT 1

BONNIE SCHUTTE                                                              PLAINTIFF

v.           **FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF, BONNIE SCHUTTE, FROM
DEFENDANT, ALLEGION ACCESS TECHNOLOGIES LLC**

KROGER LIMITED PARTNERSHIP I
STANLEY ACCESS TECHNOLOGIES LLC
ALLEGION ACCESS TECHNOLOGIES LLC, et al.           DEFENDANTS

* * * * * * *

  Comes the defendant, Allegion Access Technologies LLC ("AAT"), by counsel, and pursuant to Kentucky Rule of Civil Procedure 34, requests that the plaintiff, Bonnie Schutte ("Plaintiff"), produce the following materials for inspection and/or copying at the offices of the undersigned counsel within thirty (30) days:

  1. True and correct copies of the state and federal income tax returns (including all attached forms and schedules) for Plaintiff for the years 2018, 2019, 2020, 2021, and 2022.

  2. True copies of any medical records and bills which Plaintiff claims are related to the subject incident.

  3. True copies of all documents to support the calculation of damages stated in response to interrogatory no. 11.

  4. True copies of all documents relevant to, identified in, or otherwise relied upon in answering any interrogatory.

1

EXHIBIT 1

5.      Any and all photographs or videos of the vehicles involved in the subject incident, depicting the scene of the subject incident, or showing the injuries allegedly sustained as a result of the subject incident.

6.      True copies of all statements (written, tape-recorded, or notes thereof) made by Plaintiff, her representatives, any party, any witness, or any representative of any party or witness regarding the subject incident or injuries allegedly sustained as a result.

7.      True copies of all non-privileged documents or reports relating to any investigation of the subject incident in Plaintiff's or her counsel's possession.

8.      True copies of all exhibits, including demonstrative exhibits, which Plaintiff plans to introduce at the trial of this matter.

9.      True copies of all report(s), disclosure(s), and complete file(s) of any expert witness Plaintiff intends to have testify at trial.

10.     Please execute the attached authorizations.

Respectfully submitted,

STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380
(859) 231-3000
(859) 253-1093 facsimile

By: /s/ Palmer G. Vance II
        Palmer G. Vance II
        gene.vance@skofirm.com
        Lilian M. Williams
        lilian.williams@skofirm.com

COUNSEL FOR DEFENDANT,
ALLEGION ACCESS TECHNOLOGIES LLC

EXHIBIT 1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served via electronic mail and by United States Mail, postage prepaid, on this 11th day of October, 2023 to the following:

Scott A. Best
SCOTT BEST LAW, PLLC
73 Cavalier Blvd., Suite 316
Florence, KY 41042
sbest@scottbestlaw.com
COUNSEL FOR PLAINTIFF

Charles L. Hinegardner
BARRON PECK BENNIE & SCHLEMMER
3074 Madison Road
Cincinnati, OH 45209
CLH@BPBSlaw.com
COUNSEL FOR DEFENDANT,
KROGER LTD. PARTNERSHIP I

By:    /s/ Palmer G. Vance II
        COUNSEL FOR DEFENDANT

EXHIBIT 1

**HIPAA AUTHORIZATION FOR THE RELEASE OF PATIENT INFORMATION
PURSUANT TO 45 CFR 164.508**

TO: _____ (the "<u>Provider</u>")

RE:    Name: <u>Bonnie Schutte_____</u>        DOB: _____

 **Authorization to Release Information; Purpose; Cost**. I, Bonnie Schutte, hereby authorize the above-named Provider to release and disclose, without restriction, all of the Protected Health Information described below to the law firm of Stoll Keenon Ogden PLLC, or any of its representatives ("Recipients"). The purpose of this authorization is to permit the Recipients to have and use the Protected Health Information in order to review and evaluate the information in connection with a legal claim.  The cost of complying with this release shall be charged to Stoll Keenon Ogden PLLC.

 **Protected Health Information**.  As used herein, the term "Protected Health Information" shall be a reference to any and all of identifiable health information and medical records regarding any physical or mental health or condition. This information may include but not be limited to: office notes, face sheets, history and physical, consultation notes, inpatient, outpatient and emergency room treatment records, all clinical charts, reports, order sheets, progress notes, nurse's notes, physician's notes, clinic records, treatment plans, admission records, discharge summaries, requests for and reports of consultations, documents, correspondence, test results, x-rays, MRIs, PET scans, statements, physical therapy records, questionnaires/histories, correspondence, photographs, videotapes, telephone messages, and records received by other medical providers. This information may also include information relating to the diagnosis and treatment of HIV/AIDS, sexually transmitted diseases, mental illness and drug or alcohol abuse.

 **Right to Revoke**.     I understand that I have a right to revoke this authorization in writing at any time, except to the extent information has been released in reliance upon this authorization.  Any revocation shall be in writing and provided to the above named healthcare provider and to Stoll Keenon Ogden PLLC.

 **Further Disclosure.**  I understand that once this Protected Health Information is disclosed pursuant to this authorization, it is possible that it will no longer be protected by applicable federal medical privacy regulations and could be re-disclosed to others.

 **Right to Treatment Not Conditioned upon Signing this Authorization.**  I understand that my treatment or payment for his treatment cannot be conditioned on the signing of this authorization.

 **Facsimile and Photocopies**.  Any facsimile, copy, or photocopy of the authorization shall authorize you to release the records requested herein.

 **Expiration.**  This authorization shall be in force and effect until three (3) years from date of execution at which time this authorization expires.

I understand that I may refuse to execute this authorization.

_____        _____
BONNIE SCHUTTE                                                                          DATE

EXHIBIT 1

**HIPAA AUTHORIZATION FOR THE RELEASE OF PATIENT INFORMATION
PURSUANT TO 45 CFR 164.508
(Psychotherapy Notes)**

TO: _____ (the "Provider")

RE: Name: Bonnie Schutte _____ DOB: _____

      **Authorization to Release Information; Purpose; Cost**. I, Bonnie Schutte, hereby authorize Provider to release and disclose, without restriction, all of the Protected Health Information described below to Stoll Keenon Ogden PLLC, or any of its representatives ("Recipients"). The purpose of this authorization is to permit the Recipients to have and use the Protected Health Information in order to review and evaluate the information in connection with a legal claim. The cost of complying with this release shall be charged to Stoll Keenon Ogden PLLC.

      **Protected Health Information**. As used herein, the term "Protected Health Information" shall be a reference to any and all identifiable health information and medical records regarding any of the Psychotherapy notes recorded in any medium. "Psychotherapy notes" means all notes recorded (in any medium) by Provider documenting or analyzing the contents of conversations during a private counseling session or a group, joint, or family counseling session and that are separated from the rest of my medical record.

      **Right to Revoke**. I understand that I have a right to revoke this authorization in writing at any time, except to the extent information has been released in reliance upon this authorization. Any revocation shall be in writing and provided to the above-named healthcare provider and to Stoll Keenon Ogden PLLC.

      **Further Disclosure.** I understand that once the Protected Health Information is disclosed pursuant to this authorization, it is possible that it will no longer be protected by applicable federal medical privacy regulations and could be re-disclosed to others.

      **Right to Treatment Not Conditioned upon Signing this Authorization**. I understand that my treatment or payment cannot be conditioned on the signing of this authorization.

      **Facsimile and Photocopies**. Any facsimile, copy, or photocopy of the authorization shall authorize you to release the records requested herein.

      **Expiration.** This authorization shall be in force and effect until three (3) years from date of execution at which time this authorization expires.

I understand that I may refuse to execute this authorization.

_____     _____
BONNIE SCHUTTE                              DATE

<div align="center">EXHIBIT 1</div>

## **RELEASE OF EMPLOYMENT RECORDS**

I, Bonnie Schutte, hereby authorize you to make available to any employee of the law firm of Stoll Keenon Ogden PLLC, 300 West Vine Street, Suite 2100, Lexington, Kentucky 40507, any and all records regarding my employment. This shall include, but not be limited to, all employment applications, personnel records, questionnaires, evaluation reports, wage documents, correspondence, internal memoranda, medical records, and any other document pertaining to my employment in any nature whatsoever.

This authorization is valid for one year from the date of signing. A copy of this authorization is as valid as the original.

_____          _____
BONNIE SCHUTTE                                                           DATE

EXHIBIT 1

**HIPAA AUTHORIZATION FOR THE RELEASE OF PATIENT
PRESCRIPTION INFORMATION
PURSUANT TO 45 CFR 164.508**

TO: _____(the "Provider")

RE:    Patient Name: Bonnie Schutte_____    Date of Birth: _____

      **Authorization to Release Information; Purpose; Cost**. I, Bonnie Schutte, hereby authorize the above-named Provider to release and disclose, without restriction, all of the Protected Health Information described below to Stoll Keenon Ogden PLLC, or any of its representatives ("Recipients").  The purpose of this authorization is to permit the Recipients to have and use the Protected Health Information in order to review and evaluate the information in connection with a legal claim.  The cost of complying with this release shall be charged to Stoll Keenon Ogden PLLC.

      **Protected Health Information**.  As used herein, the term "Protected Health Information" shall mean a printout of all prescription medication information for ten (10) years prior to the date of this authorization.  This information may also relate to the past, present, or future payment relating to the prescription medication information.

      **Right to Revoke**.  I understand that I have a right to revoke this authorization in writing at any time, except to the extent information has been released in reliance upon this authorization.  Any revocation shall be in writing and provided to the above-named healthcare provider and to Stoll Keenon Ogden PLLC.

      **Further Disclosure.**  I understand that once the Protected Health Information is disclosed pursuant to this authorization, it is possible that it will no longer be protected by applicable federal medical privacy regulations and could be re-disclosed to others.

      **Right to Treatment Not Conditioned upon Signing this Authorization.**  I understand that any treatment or payment for his treatment cannot be conditioned on the signing of this authorization.

      **Facsimile and Photocopies**.   Any facsimile, copy, or photocopy of the authorization shall authorize you to release the records requested herein.

      **Expiration.**   This authorization shall be in force and effect until three (3) years from date of execution at which time this authorization expires.

I understand that I may refuse to execute this authorization.


_____        _____
BONNIE SCHUTTE                                                                        DATE

EXHIBIT 1


ENTERED
CAMPBELL CIRCUIT/FAMILY/DISTRICT
NOV 2 0 2023
TARNKYA NOLAN JACK, CLERK
BY_____ D.C.

**CAMPBELL CIRCUIT COURT**
**DIVISION NO. ONE**

BONNIE SCHUTTE                          NO.  23-CI-00463

     Plaintiff,                          **ORDER**

-vs-

KROGER MARKETPLACE, et al.

     Defendants.


     A discovery conference was held herein on November 16, 2023. Counsel for the parties were present. The Court, being in all ways sufficiently advised;

     **IT IS ORDERED** that the matter is set for a Pretrial Conference on February 8, 2024, at 9:00 a.m. The parties must comply with Civil Rule 93.04.  All motions for summary judgment must be filed at least 10 business days prior to the pretrial conference.  If a motion for summary judgment is noticed for the pretrial conference, responses are due 10 business days after the pretrial conference. Replies are due 7 business days thereafter.

     All parties shall be personally present unless otherwise notified.

DATED: November ⟨17⟩, 2023.

                      JULIE REINHARDT WARD, Judge


CC: Counsel and Parties of Record


EXHIBIT 1